## BOONE *vs.* SAVAGE.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CARROLL, THE JUDGE THEREOF PRESIDING.

Where the plaintiff in attachment, sets forth in his affidavit that the sum claimed in the petition "*is justly due him*," and the petition states that "the defendant is *indebted to him*" in this sum, the affidavit is sufficient.

The articles 42 and 43 of the Louisiana Code, only provide for a change of domicil, by persons already residents of the state, and not those coming from another state.

It requires a *residence* of one year in this state, by persons coming from another state, to acquire a domicil.   Until then they are liable to be sued by attachment, as *non-residents*.

This is an attachment suit against the defendant, as maker of a promissory note, in the parish of Carroll, for one thousand one hundred and sixty-five dollars and twenty-four cents, payable to the plaintiff the 1st January, 1838; and also as the drawer of a bill of exchange, payable to the order of plaintiff, dated at Rodney, Mississippi, January 28, 1836, for one thousand nine hundred and eighty-seven dollars and sixty cents, drawn on and accepted by Bogart & Hoops, of Port Gibson, payable the 10th February, 1837. The plaintiff claims interest at the rate of eight per cent. per annum, (the rate allowed by law in Mississippi,) together with damages and costs of protest. He further states, that the defendant resides permanently out of the state, but has property within it, which he prays may be attached, &c.

The plaintiff made affidavit "that the sum of three thousand one hundred and fifty-two dollars and eighty-four cents, *and the interest as set forth in the foregoing petition,* is justly due him; and that the defendant, John H. Savage, resides permanently out of the state, &c."

The attorney appointed to represent the absent defendant, moved to dissolve the attachment on the following grounds :

1. Because the affidavit on which it issued is not made according to law, as it does not allege that any sum or sums of money are due by defendant to plaintiff.

2. The attachment was sued out, when, in fact, the defendant is a citizen of the parish of Carroll, where suit is brought.

The suit was instituted the 4th April, 1838. A declaration of the defendant before the parish judge of Carroll, was produced, dated the 4th December, 1837, in which he elects and declares his domicil, for the future, to be in that parish, having lately resided in Mississippi.

The evidence showed that the defendant is the owner of a plantation in the parish of Carroll, and that he is frequently there ; that he claims to reside there, having had his family with him on his plantation.

The judge presiding was of opinion the affidavit was insufficient. It was not specific in stating that the defendant was indebted to the plaintiff in the sum set forth, which was required.

On the second head, the judge deemed the attachment insufficient. "Although," says he, "the property of the debtor may be attached in his possession, as appears to be the case here, yet it is the evident design of the attachment law that this process should run against the debtor's property in the hands of third persons, *Code of Practice*, 139 *and* 242; and the legislature probably did not intend that it should go against property in the debtor's possession, except where he is upon the eve of leaving the state forever; or when he conceals himself to avoid being cited. *Code of Practice*, 243."

Judgment was rendered dissolving the attachment, and the plaintiff appealed.

*Selby* for the plaintiff.

*Copley* and *Dunlap*, contra.

*Strawbridge, J.*, delivered the opinion of the court.

This suit commenced by attachment. A motion was made to dismiss the attachment; 1st, on the ground that the affidavit was insufficient; and 2d, that he was a resident of the parish. The affidavit is in the following words: " C. Boone, the foregoing petitioner, sworn, says, that the sum of three thousand one hundred and fifty-two dollars and eighty-four cents, and the interest, as set forth in the foregoing petition, is justly due him, and that the said J. H. Savage resides out of this state," &c.

I. The petition sets forth, " that John H. Savage, residing in Jefferson county, state of Mississippi, is indebted to petitioner in the sum of three thousand one hundred and fifty-two dollars and eighty-four cents," &c. The affidavit is written at the foot of the petition. We think it is sufficiently certain.

II. On the score of residence, it is shown that the defendant is a practising physician in Rodney, Mississippi; that his family resides in Rodney, where he is usually to be found; that he is a house-keeper there, and his family is now there.

He has a plantation and slaves in the parish of Carroll,

BOONE
vs.
SAVAGE.

which he has often visited for some years past, spending several days at a time, and that once his wife spent a week on this plantation. It is further shown, that in December, 1837, the defendant went before the parish judge of Carroll, and declared that he elected that parish as his domicil and future residence.

The articles 42 and 43 of the Louisiana Code only provide for a change of domicil by persons already residents of the state, and not those coming from another state.

The articles 42 and 43 of the Louisiana Code, referred to, only provide for cases of a *change* of domicil by persons already residents of the state. The present case is that of a person resident in another state, attempting to acquire. a residence here. On this subject a law was passed in 1816: See 2 *Moreau's Digest, verbo "Residence,"* 308. It declares that a " residence within the state shall not be considered as acquired until the individual coming into the state shall have remained within the same for twelve months following the date of his notice to the judge," &c. And a second act passed in 1818, (2 *Moreau's Digest,* 309,) alters, in some respects, the previous requisites, but still requires a residence of one year.

It requires a residence of one year in this state by persons coming from another state, to acquire a domicil. Until then they are liable to be sued by attachment, as *non-residents.*

It is already seen that the defendant's declaration was made in December, 1837, and this suit was instituted in April following.

If we take the law of 1818 as our guide, still the residence of one year is not shown.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, dissolving the attachment, and dismissing the petition, be annulled, avoided and reversed ; that the cause be remanded, with order to reinstate the petition and attachment, and to proceed therein according to law ; the appellee paying the costs of the appeal.