THE STATE *v.* THE JUDGE OF THE COURT OF PROBATES OF NEW ORLEANS.

A person cannot be received, in his private capacity, as surety on an appeal from a judgment against him as the executor or curator of a succession, though the succession itself be solvent.

Where security is required to be given by order of court, the person offered must be a resident of the State.

Case of *Gravillon* v. *Richard's Executor et al.*, 13 La. 293, overruled, so far as the *dictum* that " as soon as the will of making a permanent establishment in the country is combined with the fact of residence, the residence, even for a few days, fixes the domicil," applies to the acquisition of a residence in this State.

An uninterrupted residence of one year within the State, is necessary, under the acts of 7th March, 1816, and 16th March, 1818, to acquire a domicil in this State; and until then, a party may be sued by attachment as a non-resident. It is not necessary that he should have remained the whole time within the State, provided that, during any temporary absence, he retained an office or room as his residence, and left some authorized agent to represent him.

APPLICATION for a mandamus to the Judge of the Court of Probates of New Orleans, *Bermudez*, J.

This case was submitted, without argument, by *C. M. Jones*, for the applicant.

GARLAND, J. Barnes instituted a suit in the Probate Court against Thomas O. Tilghman, curator of the estate of Hardin L.

Tilghman, in which Kirk intervened, and a judgment was render-
ed against the defendant for $1746 87 in favor of the intervenor.
The curator, conceiving the judgment erroneous, made his appli-
cation for a suspensive appeal, which was allowed, and a bond
given in a sufficient sum, signed by Thomas O. Tilghman as cu-
rator, and by the same person as surety, and also by Robert L.
Tilghman. Before the record was made out, the plaintiff object-
ed to the security, and took a rule on the curator to show cause
why the appeal should not be set aside, on the grounds :

*First.* That Thomas O. Tilghman could not be a security on
the bond, being the curator, and also one of the heirs of the es-
tate.

*Second.* That Robert L. Tilghman was insufficient as security,
not being a resident of the State, not having sufficient property to
become security for the sum required, and being also an heir to
the estate.

The Judge of the Court of Probates, after hearing evidence,
made the rule absolute, and the defendant and appellant now ap-
plies to us for a mandamus, to compel the judge to send up the
appeal. The latter shows for cause, the grounds already stated as
the basis of the rule ; and further, " that the law has provided for
this case another relief than that applied for, and other prerequi-
site formalities than those that seem to have been fulfilled in the
present case."

The Judge of Probates was right in deciding that Thomas O.
Tilghman could not be a security on the bond signed by himself
as curator, although the succession may be solvent. The case of
*Lafon* v. *Lafon's Executors*, 2 Mart. N. S. 571, is clear as to that
point. The court then said that executors cannot be received,
in their private capacities, as sureties on an appeal from a judg-
ment given against them in their representative character.

The objections to Robert L. Tilghman are three :

*First.* That he is not a resident of the State. *Second.* That
his title to the property he possesses is doubtful. *Third.* That he
is one of the heirs of H. L. Tilghman's estate.

The facts in relation to the first objection are, that R. L. Tilgh-
man came to New Orleans early in the year 1839, with the inten-
tion, as he says, of residing here. He is the owner of several

JUNE, 1842. 451

The State v The Judge of the Court of Probates of New Orleans.

slaves, carts, and drays. He pays taxes, and has voted in the Second Municipality. He states that it has always been his intention to reside in this city, and a witness says that he is a resident; but it appears that he has never remained one year, without interruption, in the State. It has been his habit every summer, about the last of June, to leave the city, and visit his mother and relatives in Tennessee, where he remains until about the 1st of October, or later if the sickly season be not over. He leaves his property here, and when he first came he brought three slaves with him. But it is not shown that when he departs he leaves a house, office, or room in the city, which can be considered as his residence or domicil, where a citation or notice can be left or legally served, and an authorized agent to represent him. If that were shown, it might be a sufficient compliance with the law.

There is no doubt that when a person is bound to give a surety under an order of court, that he must give a person residing in the State. 1 Mart. N. S. 276. The question then is, where is the domicil of R. L. Tilghman? The Civil Code, articles 44, 45, says, that where there is no express declaration as to domicil, the proof of intention depends upon circumstances. This court in *Gravillon* v. *Richard's Executor et al.*, 13 La. 297, said, " as soon as the will of making a permanent establishment in the country is combined with the fact of his residence, the residence, even for a few days, fixes the domicil." This was, perhaps, pressing the principle of domicil too far. The subject was again considered in 14 La. 169, when it was held that it requires an uninterrupted residence of one year in one of the parishes in the State, to acquire a domicil, and, until then, a party may be sued by attachment, as against a non-resident. The provisions of the acts of the legislature passed in 1816 and 1818 are plain. The first section of the latter act says, that there must be a residence of " one year without interruption" in one of the parishes of the State, the party having, in the meantime, purchased or rented a house or room, or parcel of land, or pursued some profession or employment for a support. Bullard & Curry's Dig. 286, 287, sec. 1, 2. The letter of the law is too clear to be misunderstood; and it seems to have been made, to operate on that description of persons who come to our State for purposes of their own, and never identify

themselves with our interests and institutions.  We are, therefore, of opinion that the judge did not err, in deciding that Robert L. Tilghman was not a resident of the State, and could not be accepted as security on the appeal bond.

Our opinion on this point, makes it unnecessary to decide on on the other two objections to Robert L. Tilghman.