Amis and another v. The Bank of Louisiana and others.

JUNIUS AMIS and another *v.* THE BANK OF LOUISIANA and others.

A citizen of another State can only be proceeded against in a District Court of this State, by citation personally served on him within the district, or by attachment, or by the appointment of a *curator ad hoc.*

Original process from a District Court does not run beyond the limits of the district, except in cases specially provided for by the Code of Practice.

An action of rescission, instituted against the plaintiffs' vendor and the holders of notes given for the price of the property sold, is not a case of joint obligation on the part of the defendants, in which the Code requires the joint obligors to be sued together, and forming, where the co-obligors reside in different parishes, a necessary exception to the rule requiring a party to be sued before the court of his domicil. *Per Curiam:* There is no separate, independent cause of action against the holders of the notes; the relief asked against them, depends upon the success of the plaintiffs in annulling the sale.

One who has not acquired a political domicil under the statute of 7th March, 1815, may yet have such a residence in a particular parish as will exempt him from being sued out of the judicial district in which such residence has been acquired.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Peyton*, and *I. W. Smith*, for the appellants, cited Bullard and Curry's Dig., pp. 286–7. *Evans* v. *Saul*, 8 Mart. N. S., 250. *Tanner* v. *King*, 11 La., 179. *Boon* v. *Savage*, 14 La., 172. *State* v. *Judge of Probates of New Orleans*, 2 Robinson, 454. 6 Dalloz,

Alph., p. 383, De Saint Germain. Dalloz, 1835, p. 289, *Augénier* v. *Bérard.* 1 Burge's Conflict of Laws, 34, 54.

*Grymes* and *L. Pierce,* for the defendants.

BULLARD, J. The plaintiffs pray for a judgment annulling and cancelling a contract of sale of a plantation and a number of slaves, situated in the parish of Madison, made by Samuel M. Briscoe to them, together with their assumption to pay a certain debt due to the Bank of Louisiana; and that certain notes given by them for the price of said plantation, and now in the hands of the Bank of Louisiana, the Mechanics and Traders Bank, and T. N. Pierce, be. given up to them. Their vendor, Samuel M. Briscoe, and his vendor, John Briscoe, stated to be residents of the State of Mississippi, together with the banks and Pierce, were made parties defendant. The grounds upon which the plaintiffs claim the rescission of the sale are, fraudulent misrepresentations on the part of the vendor, the particulars of which need not now be detailed, inasmuch as the case went off in the court below upon an exception, and we are called on to decide only upon the correctness of the judgment sustaining that exception and dismissing the suit.

The original citation, addressed to Samuel M. Briscoe, which issued from the District Court for the First Judicial District, states him to be a resident of the State of Mississippi, and was sent to the sheriff of the parish of Madison, in the Ninth District, to be served: and it was served, together with a copy of the petition, by that officer, upon the defendant in person. The citation to John Briscoe was served by the same officer, but does not state him to be a resident of Mississippi.

These two defendants pleaded to the jurisdiction of the District Court for the First District, alleging that they are citizens and residents of the parish of Madison, and were so at the institution of this suit, and are not liable to be sued in the court for the First District in manner and form as the plaintiffs in their petition have sued them.

The evidence in the record, taken on the trial of the exception, is, in substance, that John and Samuel Briscoe reside in the parish of Madison, are both planters permanently fixed and

settled there, and cultivating their plantations. The witness who makes these statements adds, on his cross examination, that the crop then growing (May, 1843), was the first made by Samuel M. Briscoe on the plantation where he now resides, though he had made two crops on the place sold by him to the plaintiffs; that he was on, or at said last mentioned plantation the greater part of his time during said two crops, and previous to the sale thereof to the plaintiffs; but the witness cannot say whether he claimed that as his residence or not. He formerly lived in Mississippi with his father, had no place of his own in that State, and he is not a married man.

The question which is here presented is not so much whether Samuel M. Briscoe has acquired a domicil in a particular parish in this State, as whether he is suable in the Court of the First District. If he be a citizen of another State, he can be proceeded against in this District only by citation personally served upon him here, or by attachment, or the appointment of a *curator ad hoc.* Original process of citation does not run beyond the limits of the District, except in cases specially provided by the Code of Practice. This case does not appear to us to come within any of the exceptions to the general rule. The action is one of rescission, primarily, against Samuel M. Briscoe, the plaintiffs' vendor, and secondarily, against certain holders of notes given for the price of the property sold. Against the latter the petition discloses no separate and independent cause of action. The relief which the plaintiffs seek against them, depends entirely upon their success in causing the sale to be annulled. It is not, therefore, a case of a joint obligation on the part of the defendants, in which the Code requires the joint obligors to be sued together. In such a case we have held, that where the co-obligors reside in different parishes, it forms, *ex necessitate rei,* another exception to the general rule; otherwise, there would be an entire failure of justice.

But the evidence satisfies us that the defendants, though they may not have acquired a political domicil under the statute invoked by the plaintiffs' counsel from the Digest (p. 286), yet have such a residence in the parish of Madison, as exempts

them from being sued in the First District, in the manner attempted in this case ; and we are of opinion that the court did not err, in sustaining the plea. See 14 La. 169.

*Judgment affirmed.*