WINTER IRON WORKS *v.* JOHN TOY.

The Acts of the Legislature, approved March 7th, 1816, and March 16th, 1818, pointing out the manner of obtaining residence within the State, related to the acquisition of political rights.

They prescribed conditions on which a political domicil could be acquired.

A person who actually lives in the State, *animo manendi*, must be sued personally. He cannot be brought into court by attachment, because he has occasionally gone out of the State, for temporary purposes, in each year since he came to the State to live.

APPEAL from the District Court of West Baton Rouge, *Robertson,* J. *David N. Barrow,* for plaintiffs and appellants.. *Samuel P. Greeves,* for defendant.

SPOFFORD, J.   The plaintiffs have appealed from a judgment dissolving the attachment sued out in this case.

The attachment was procured on the sworn allegation that the defendant resides out of the State.   He contends that, at the the date of the attachment, he resided in the parish of East Baton Rouge, in this State.

We think it clear, from the evidence, that he did so.

The appellant's counsel indeed seems to admit that the defendant *in part* resided in this State, but urges that, as the State of Indiana was the domicil of his origin, and he had not remained uninterruptedly in the State for any entire year since he came here to live, he had not, at the time of attachment, acquired a legal residence in Louisiana pursuant to the Acts of 1816 and 1818.   Bul. & Cur. Dig. 286, 287.

We are of opinion that these statutes, if still in force, relate to the acquisition of political rights, and do not conflict with the rule of natural justice, that a person who actually lives in this State, *animo manendi*, should be personally cited, and not brought into court by attachment on an allegation that he resides out of the State.

It is true a different interpretation was given to the Acts of 1816 and 1818 in the case of *Boone* v. *Savage,* 14 L. 169, a case cited with approbation in the case of *State* v. *Judge of Probates of New Orleans,* 2 Rob. 451.

But we think the correct construction of these statutes was indicated in the later case of *Amis* v. *Bank of Louisiana,* 9 Rob. 350, where they were spoken of as prescribing the conditions on which a political domicil in this State was to be acquired.

We are of opinion that the defendant cannot be said to reside out of the State in the sense of the Code of Practice, because he has occasionally gone out of the State, for temporary purposes, in each year since he came hither to live.   He does not "reside out of the State" while he lives in it *facto et animo manendi.*

Judgment affirmed.