## A. WESSON & CO. & A. W. MARSHALL.

The decision in the case of *Amis* v. *The Bank of Louisiana*, 9 Rob. 350, re-affirmed, to the effect that a residence in the State for a sufficient time to acquire a political domicil, is not required to protect a person's property from attachment, who is an actual resident of the State.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J.

*Landrum & Williamson*, for plaintiff and appellant. *Land, Hodge* and *Austin*, for defendant.

BUCHANAN, J. The facts of this case are identical with those of *Winter Iron Works* v. *Toy*, 12 An. 200. In that case we held, that a full uninterrupted twelve months residence in the State, is not required to protect defendant's property from being attached under the second paragraph of the 240th Article of the Code of Practice; and that the statutes of 1816 and 1818, relate to the acquisition of political rights in this State, by immigrants from other States. This decision followed that of *Amis* v. *Bank of Louisiana and others*, 9 Rob. 350, in which a defendant, originally from Mississippi, who had made three crops on land belonging to himself in the parish of Madison, and had passed the greater part of the time in that parish while the crops were growing, was held not to be suable in the parish of Orleans, although there had not been in his case that uninterrupted residence of a year in Louisiana necessary, says the court, to the acquisition of a political domicil.

The decision in *Amis* v. *The Bank*, quotes as authority the case of *Boone* v. *Savage*, 14 La. 169, from which we may infer, that Judge Bullard, the organ of the court, did not consider the latter case, in which also he had taken part, as inconsistent with the doctrine which he was enouncing.

The facts of the case of *Boone* v. *Savage*, are materially different from those of *Amis* v. *The Bank*, and from the case at bar. The *animus manendi* could not possibly be presumed in favor of *Savage*, for he never removed at all, with his family, to the State of Louisiana, as both *Briscoe* and *Marshall* did. It is true, the court quoted the Acts of 1816 and 1818 respecting residence, but the quotation seems to have been superinduced, by the attempts on the part of the defendant to establish a fictitious domicil in Carroll parish, by making a formal declaration before the parish Judge that he elected that parish as his domicil and future residence. The court remarked that the Articles of the Civil Code under which that declaration was made, apply only to a change of domicil from one parish to the other, by a person already a resident of Louisiana; and went on to observe, that the only enactments in our statute book, on the subject of the acquisition of a residence in this State, by one who has resided previously in another State, were the Acts of 1816 and 1818. Bullard & Curry, 286, 287.

But the quotation was not at all necessary, for the decision of the question of *Savage's* residence. For his acts being altogether irreconcileable with his declaration, the latter should have gone for nothing, as only intended to defraud the law. See *Yerkes* v. *Broom*, 10 An. 95.

In the case of *The State* v. *The Judge of the Court of Probates*, 2 Rob. 449, which is one of those relied upon by the counsel for appellant, the Acts of 1816 and 1818 constitute the basis of the decision, and it must be admitted that those Acts are there made the unqualified test of the meaning of the word "residence,"

in every case in which that expression is used in our statutes. A party was there held to be an insufficient surety upon an appeal bond, for want of residence, who had been many years established in business in New Orleans, but who absented himself every year during the summer season.

This decision professed to be founded upon that in 14 La., but it clearly went much further, and may be considered as distinctly overruled, as well as that of *Rist* v. *Hagan*, 8 Rob. 106, by the case of *Amis* v. *The Bank of Louisiana*.

We adhere to the doctrine enunciated in that case.

Judgment affirmed, with costs.