Andrus vs. Board of Police et als.

---

## No. 1,335.

CLINTON B. ANDRUS VS. BOARD OF POLICE OF OPELOUSAS, ET ALS.

| 41 | 697 |
|----|-----|
| 52 | 470 |

| 41  | 697 |
|-----|-----|
| 108 | 464 |

1. A taxpayer who petitions for the passage of an ordinance levying a special tax, who actively supports and votes for the ordinance when submitted to the votes of the taxpayers. who has so acted in advancement of his own interest, and who has secured advantage from the passage of the ordinance, upon which other parties have acted, is estopped from setting up the illegality and unconstitutionality of the tax as a defense against paying it.

2. The provisions of the Constitution are intended to protect the citizens against *forced* contributions levied *in invitum* beyond the power confided to the taxing authorities; while in this case, the tax is levied with his free consent and approval and at his express request.

APPEAL from the First Justice's Court for the Parish of St. Landry. *Brooks, J.*

---

*Kenneth Baillio* for Plaintiff and Appellee:

MOTION TO DISMISS.

1. A certificate which does not certify that the transcript includes all the proceedings. evidence and testimony is defective. 10 M. 670; 3 L. 295, 446, 454; 2 N. S. 67; 7 L. 537; 14 L. 265; 17 L. 27; 1 Ann. 180; 3 Ann. 592; 11 Ann. 644; 4 Ann. 487; 10 Ann. 180; 11 Ann. 604; 12 Ann. 582.

2. Where the appeal from the judgment of a magistrate is not taken in the presence of the parties, and no prayer is made for citation of appellee, and he is not cited, the appeal will be dismissed. C. P. 15 L. 214; 16 L. 50; 5 Ann. 115; 10 Ann. 650.

Andrus vs. Board of Police et als.

3. A party is not a competent surety on an appeal bond given by him in a representative capacity. 2 N. S. 572; 2 R. 449.

ON THE MERITS.

4. Where a special tax is levied under Article 209, Constitution of 1879, the ordinance must not precede, but must follow the vote. Art. 209.

5. Municipal corporations can only tax in such a manner as the Legislature has seen proper to permit. 33 Ann. 1179.

6. The police juries of the several parishes are bound to provide suitable courthouses for the courts. R. S. 2746.

7. Municipal corporations can only tax for municipal purposes. Article 202, Constitution of 1879.

8. Special taxes for improvements under Article 242, Constitution of 1879, cannot exceed 5 mills per annum. Article 242, Constitution of 1879.

9. Ordinary taxation for parochial purposes cannot exceed 10 mills per annum. Art. 209.

10. No estoppel can exist when there is error.

## W. O. Perrault for Defendants and Appellants:

1. A plea of estoppel, affecting the foundation of the suit, and decisive of the action, should be tried *in limine*. Reference of such pleas is illegal and reprehensible. 38 Ann. 233, 525.

2. A supplemental or amended plea of estoppel, amplifying and particularizing the acts of estoppel already generally pleaded, and which does not allege new matters or change the issues of the original plea, or cause a continuance of the cause, should be allowed at any time before trial commenced. Its exclusion is error.

3. A person receiving a consideration or benefit through an ordinance, procured by his own consent, cannot repudiate the ordinance, and keep the benefit or consideration. He is estopped. Bigelow on Estoppel, p. 509; Note 4, pp. 509 and 510.

4. A person who petitions for the levy of a special tax, and who actively encourages its levy, and who subsequently votes for the ordinance imposing it, when submitted to a vote of the taxpayers, is estopped from making complaint of its illegality or unconstitutionality, even though it be illegal and unconstitutional. Cooley on Taxation, p. 819, and authorities cited in Note No. 5.

5. Error not alleged in the pleadings cannot be made a matter of defense.

6. Ignorance of law cannot be pleaded.

7. The Board of Police of Opelousas can pass an ordinance (when the requisites of the law have been complied with) to aid the construction of public buildings in the town. Constitution of 1879, Art. 209; Act 126 of 1882. sec. 2; Cooley on Taxation, pp. 610, 153, 154, 155, 156: Cooley on Constitutional Limitations. pp. 141, 142, and notes; also pp. 284, 285 and 343.

8. The Constitution. Article 209, and Act 126 of 1882, simply require that " the rate of taxation and the purpose for which it is intended " shall be submitted to the vote of the taxpayers. It is immaterial whether the ordinance imposing the special tax be passed before or after the vote of the taxpayers, provided they have had an opportunity of voting on the question.

9. The public improvements contemplated by Article 242 of the Constitution does not include public buildings. The latter are provided for in Article 209 of the Constitution.

10. A tax of $2\frac{1}{2}$ per cent to aid the construction of public buildings is not unconstitutional because of its amount. Article 209 of the Constitution and Act 126 of 1882 place no restriction on or limitation to the amount of a special tax which the people can impose upon themselves.

The opinion of the Court was delivered by

FENNER, J. There is no merit in the motion to dismiss.

The judgment was signed on May 18th, and, on the same day, in presence of counsel for plaintiff, in open court, defendant made his motion and obtained his order of appeal.

No citation of appeal was necessary. The Articles 1128 to 1138, C. P., manifestly refer to appeals from justices' courts to district courts, and not to appeals directly to this court.

Appeals were taken simultaneously in this case and in another numbered 1,336 of our docket, identical in character. By a clerical error the certificates to the two transcripts were exchanged. Under certiorari, this manifest error has been corrected and the matter is too trivial to require further notice.

A member of the Board of Police of an incorporated town is a competent surety for the board in its corporate capacity on a bond of appeal.

The authorities quoted from 2 N. S. 572, and 2 Rob. 449, have not the slightest application.

## ON THE MERITS.

Plaintiff enjoins the sale of his property for a special tax levied under an ordinance of the town of Opelousas, on the ground that the ordinance levying said tax is illegal and unconstitutional.

The defendant opposes a plea of estoppel and a general denial. The plea was referred to the merits, and, after trial, the justice of the peace overruled the plea and gave judgment in favor of plaintiff, perpetuating the injunction and declaring the tax illegal and unconstitutional.

The record discloses the following facts :

In March, 1886, the court house in Opelousas was destroyed by fire. Thereafter a formidable movement was inaugurated to secure the removal of the parish seat to the rival town of Washington. As such removal required future legislative action and a vote by the people, it became the obvious interest of those favoring the removal to induce the police jury to postpone the rebuilding of the court house until such action and vote could be had, while, on the other hand, the people of Opelousas were vitally interested to secure the immediate rebuilding.

To induce such immediate action, the Opelousas people offered to aid the police jury in the rebuilding by a subscription of $8000, to be raised by the imposition of a special tax of twenty-five mills on all the taxable property of the town.

To make good this offer, a petition was prepared, addressed to the Board of Police of Opelousas, praying for the levy of such tax, which petition was signed by more than the proportion of taxpayers in number and value required by the provisions of Acts 41 and 126 of 1882.

Acting upon such petition, the Board of Police passed an ordinance levying the tax as prayed for, and caused the same to be submitted to the vote of the taxpayers, in pursuance of the legal requirements on the subject. At the election 125 votes were cast, 123 in favor, and only two againt, the tax.

After official proclamation of the approval of the tax by the voting taxpayers, the police jury of the parish, acting in consideration and upon the faith of said tax, entered into the contract for the immediate rebuilding of the court house, and the admirable structure, in which this court is now sitting, is the result.

The present plaintiff signed the petition for the tax and voted for the ordinance levying the tax. He had previously been one of the numerous citizens who, in order to influence the police jury, had signed and presented a document pledging themselves to support and vote for the ordinance levying the tax.

Plaintiff is a property-holder and large merchant in the town of Opelousas. The evidence is clear that the removal of the parish seat would have been gravely injurious to the value of the property in the town, and to its trade and business; that the peril of such removal was serious; that this peril was averted by the building of this expensive court house; and that the voting of the tax was the direct and necessary inducement on which the police jury acted in its prompt erection.

And now, after thus actively co-operating in securing the levy of this tax, and after he has entered into secure enjoyment of all the benefits contemplated and conferred by the same, he seeks to escape payment of the tax by urging objections to the legality and constitutionality of the very ordinance which he petitioned the board to pass, which he pledged himself actively to support and which he actually voted for.

It is perfectly clear that he is estopped from urging such objections. All authorities accord in maintaining estoppel in such a case.

Cooley says : "It sometimes happens that a party who complains of illegal taxation has been so connected with the proceedings in voting, levying or collecting the same, that it would be unjust and inequitable to others or to the public that any remedy should be given him in respect to the illegality. Such a case would exist if one in respect to some interest of his own should petition for or otherwise actively encourage the levy of the tax of which he subsequently makes complaint." Cooley on Taxation, p. 819.

Bigelow says : "This doctrine (of estoppel) has been held to apply to the case of persons who had procured the passage of an act of the Legislature under which they had acted and obtained advantage; and

the parties were thereafter held estopped to show that the act was unconstitutional, though it had been so pronounced by the courts to those who had not participated in its passage." Bigelow, Estoppel, p. 509.

Burroughs says: "It is a principle well recognized that all who aid in procuring an act of the Legislature, or who ratify it after its passage, are bound by it.   *   *   The principle requires the assent of those who are to bear the burden; if a number of citizens procure an enabling act to allow a city to subscribe to the stock of a railroad, it binds those who procure it and those who ratify, but those who do not assent to it are not bound." And again: " If a majority vote for a subscription or ratify an enabling act, it undoubtedly binds the majority; but how about the minority?" Burroughs on Taxation, Sec. 38.

The learned authors referred to support the doctrine by reference to numerous judicial decisions.

The plaintiff in this case is not affected by the unconstitutionality of this tax, if it be unconstitutional. The provisions of the Constitution are intended to protect the citizens from *forced* contributions levied *in invitum* beyond the powers conferred on the taxing authorities.

As to plaintiff, this tax is not a *forced* contribution independent of his own will, but is one levied with his free consent and approval and at his express request. Hence his attempt to avoid the effect of the estoppel by pleading error based on his ignorance that the ordinance was unconstitutional, is of no avail. It is of no consequence to him, if some taxpayers should escape payment of this tax; that will not increase the burden which he voluntarily assumed, nor will it, in this case, diminish, in the slightest degree, the benefit he receives.

We must not be understood as making the slightest intimation of an opinion that this tax *is* illegal or unconstitutional. The question of estoppel precedes the issue on the merits of the case, and, in logical order, required anterior decision. Having maintained the estoppel, that ends this case.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now decreed that there be judgment in favor of defendant dissolving the injunction and rejecting plaintiff's demand, at his cost in both courts.

Judgment reversed.