No. 14,399.

## STATE OF LOUISIANA vs. ALEXANDER GIBSON.

### SYLLABUS.

The accused was indicted for burglary and larceny. He fled from justice and was not apprehended for over three years later. He then filed a motion to quash

the indictment on legal grounds, averring its absolute nullity. This motion prevailed. He was promptly indicted a second time for the same offense, the indictment containing the allegation of flight from Justice. Whereupon he filed the plea of prescription of one year in bar. *Held*—not good. Conviction sustained.

APPEAL from the Third Judicial District, Parish of Bienville—*Edwards, J.*

*Walter Guion,* Attorney General, and *John C. Theus,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*William U. Richardson,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. The main defense to this prosecution is the prescription of one year. Hence, it is necessary to give certain dates.

On the 10th of June 1898, an indictment against the accused for burglary and larceny was returned. The time of the commission of the offenses (for there were two counts) was laid in the indictment on the day before its finding; to-wit: June 9th, 1898.

A bench warrant issued the day the indictment was returned.

Under date of January 16, 1902, *three years and seven months later,* the sheriff made this return on the warrant:—

I have arrested within named Alex. Gibson and have him in custody.

On March 6, 1902, counsel for defendant filed a motion to quash the indictment on legal grounds not necessary to recite, averring it to be null and void.

This motion was the same day tried and sustained—the trial court decreeing the nullity of the indictment, ordering it set aside and the prisoner discharged.

The Grand Jury was in session at the time and they promptly returned, the next day, March 7, 1902, another indictment against the accused, charging him with burglary and larceny—two counts—being the same offenses upon which the first indictment was predicated.

The last indictment cured the defects which had resulted in vacating and annulling the first indictment, and at the conclusion of each count was this averment:—

And at once on the commission of said crime said accused absconded and fled from justice.

Under a warrant which immediately issued on the second indictment, the accused was re-arrested.

Whereupon his counsel filed a plea of prescription of one year in bar of the prosecution under the second indictment.

This plea being overruled, a bill was taken, and thereafter the accused waived arraignment, pleaded not guilty, was tried by jury, convicted, on the second count, of petit larceny and sentenced at hard labor for one year.

He appeals.

The trial judge gives, in the bill of exceptions, as his reasons for overruling the plea of prescription, that the first indictment was fatally defective, in that it did not charge any offense, and, hence, it did not and could not have any legal effect; that the second indictment contained the requisite allegation negativing prescription; and that if the first indictment had no legal effect it is the same as though it had not existed, and, since, immediately upon the commission of the offense, the accused fled from justice, prescription was thereby suspended, and the indictment under which he was convicted having been returned within two months of his ceasing to be a fugitive, it was timely, in the sense that it is not amenable to the prescription pleaded.

These reasons are sound in law. It was declared, in State vs. Preccvara, 49 La. Ann. 593, that an indictment which has been declared a nullity is the same as though it had not been found.

In State vs. Curtis, 30 La. Ann. 1167, it was said that an illegal or void prosecution is equivalent to no prosecution and under it the accused is considered as having never been in jeopardy.

So, too, a void indictment is without legal effect in favor of the State to interrupt prescription. 30 La. Ann. 1166; 31 La. Ann. 211.

The legal situation then, with respect to the case at bar is this:—

The first indictment against the accused is brushed aside by the judgment annulling it as though it had never existed. The accused having committed the offense in 1898 at once fled from justice and was not apprehended until 1902. During his flight prescription was suspended. R. S. 986. On his flight ceasing by being taken into custody, he was promptly indicted and the indictment averred the fact of flight as interrupting prescription.

The parallel between this case and that of State vs. Vines, 34 La.

Ann. 1073, is complete, and that authority completely negatives the contentions of defendant herein.

To secure conviction under the indictment it was necessary for the prosecution not only to prove the guilt of the accused, but the fact of flight as interrupting prescription. The result of the trial showed that both guilt and flight were proven to the satisfaction of the jury.

This case has been considered, and properly so, from the standpoint of the law and jurisprudence existing at the date of the commission of the offenses with which the accused stood charged. That date was, as we have seen, the 9th of June 1898.

A month later, to-wit:—on July 11, 1898, an act of the General Assembly was approved, which makes a decided change in the law relating to the effect to be given to indictments—even void indictments —in the matter of the interruption of prescripton.

The last paragraph of Act No. 73 of 1898 reads as follows:—

In all criminal prosecutions for any crime or offense an indictment found, or an information filed, before prescription has from any cause accrued, shall have the effect of interrupting prescription; and if said indictment or information be QUASHED, annulled, or set aside, or a nolle prosequi entered, prescription shall begin to run against another indictment or another information based on the same facts, only from the time that said original information was quashed, annulled, or set aside, or a nolle prosequi entered; and the prescription and exemption hereinabove provided shall not apply to any conviction under said other indictment, but, on the contrary, said prescription or exemption shall not be pleadable against such offense.

A second bill of exceptions is found in the record which recites that a certain special charge to the jury (giving the same in full) was requested at the hands of the trial judge and refused. The judge assigns as reasons for the refusal that he had already, in his charge to the jury, substantially charged the matter covered by the special charge.

As the charge of the court to the jury was not in writing, and as nothing in the record apprises us of its scope and tenor, it is obvious that no intelligent action can be taken on the bill of exceptions last referred to.

Judgment affirmed.

Rehearing refused.