(53 South. 861.)

No. 18,021.

BURDIN v. POLICE JURY OF ST. MARTIN PARISH et al.

(Dec. 12, 1910.)

*(Syllabus by the Court.)*

PARISHES—SPECIAL TAX—ESTOPPEL TO CONTEST.

A taxpayer, who signs a petition asking the police jury to call an election to vote on the levying of a special tax for a public im-

provement, and then joins in a movement to have the tax voted, is estopped from suing to have the election declared a nullity, in spite of the fact that he did not vote at the election.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 192.*]

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Action by J. J. Burdin against the Police Jury of St. Martin Parish and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Voorhies & Voorhies for appellant. A. N. Muller, James J. Martin, F. E. Delahoussaye, and Emile Vuillemot, for appellees.

BREAUX, C. J. · Plaintiff, a property owner and taxpayer, residing in the parish of St. Martin, brought this suit to have an election decreed a nullity.

The election was held by the voters in the Second ward of that parish, and the purpose of levying the tax was to construct a canal from a point on one of the streams in the eastern part of the parish to the town of St. Martinville.

The taxpayers of the ward signed a petition addressed to the police jury, asking that body to call an election in order to have it determined whether or not a majority of the property taxpayers, in number and amount, having the right to vote, were favorable to the tax.

The police jury acted upon this petition and ordered an election to be held.

It was carried in favor of the tax. The votes were compiled, and the result made known by required promulgation.

The local authorities then sought to collect the tax.

The petition mentioned above, addressed to the police jury, was numerously signed. Among those who signed, the signature of plaintiff appears.

The record of the testimony informs us that Senator D. C. Labbe, together with a number of others, testified that plaintiff, Burdin, was of those who initiated the movement for the tax; that he attended meetings and addressed them, and urged upon his fellow taxpayers the importance of constructing the canal. He was an important member of an important committee, and did all in his power in favor of levying the tax. He said that he was quite ready, if necessary to carry out the plan, to donate the necessary servitude across his land.

The other witnesses were equally as direct and emphatic in regard to Burdin's active exertions in favor of the tax.

Another witness, Mr. Frank L. Guilbeau, said that he knew that, just before the election, plaintiff was in favor of the tax; that, after having taken an active part, he did oppose the tax. He and plaintiff had initiated the movement for the tax.

It must be stated as part of the case that, at the time that this canal project was before the taxpayers, there was another project to levy a tax to aid in the construction of a railroad, which was to run through or near the parish seat.

Burdin favored both, the railroad project and the building of the canal.

There was considerable opposition to the railroad tax, and, as a result, the election was not carried in favor of that tax.

Burdin then changed his mind, and concluded to oppose the movement for the canal. He went to the extent of joining other taxpayers who were opposed to the tax in an injunction, enjoining the holding of an election to levy a tax to pay the expenses of constructing the canal.

This injunction was bonded by the defendant.

The election to build the canal, despite the injunction, was held.

At one period in the history of this litigation, it appears the taxpayers who were

parties to the injunction suit discontinued their suit. Plaintiff, however, did not discontinue. He remained in court and prosecuted this suit.

Some time afterward the taxpayers, just above referred to as having discontinued their suit, filed a new suit, which was tried in the district court, and obtained judgment setting aside the election, from which the defendant police jury appealed, and the suit is now before this court on appeal.

Returning to plaintiff, Burdin: The defendant sought to meet his suit by filing a plea of estoppel on the ground that he had committed himself to the levying of the tax to an extent which rendered it impossible for him to change and to sustain an action of nullity of the election.

This is a stronger case for the defense than the cases cited infra were for defendant.

These relate, as does the present case, to special elections to determine whether or not to levy a tax for local improvements.

It was, in each of the cited cases, decided that a taxpayer might by his conduct place himself in such an attitude as to estop himself from contesting the tax imposed.

In order to reverse the decision appealed from, we would have to overrule the decisions cited.

This we are not inclined to do.

One of the cases applies to fact and law of the present case.

The case presents the same issues determined in the suit of Andrus v. Board, 41 La. Ann. 697, 6 South. 603, 5 L. R. A. 681, 17 Am. St. Rep. 411, "with the single difference that the plaintiff here did not vote, but he signed the petition."

Precisely as in the case before us plaintiff signed the petition and favored the tax.

The petitioners brought about the calling of the election, steps had been taken to that end, and, doubtless, expenses incurred.

Having taken part to the extent disclosed, the plaintiff is concluded.

In reconsidering the Dupre Case, 42 La. Ann. 802, 8 South. 593, it is recalled that it is amply supported by learned jurists, whose commentaries are based upon the jurisprudence of the country and to whom reference is made in the decision cited.

For reasons assigned, the judgment appealed from is affirmed.