"The act relied on by plaintiff is therefore void."

We assume that the reason why the learned counsel for the appellants in this case did not cite, and do not rely upon, Act 23 of 1900, is that they concede that the act is unconstitutional.

The judgment is affirmed at appellants' cost.

===

/

(97 South. 199)

No. 24284.

FRAZIER et al. v. BOARD OF DIRECTORS OF PUBLIC SCHOOLS OF PARISH OF FRANKLIN.

(June 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. Schools and school districts ⚖117—Exception because board not sued by right name properly overruled.

Exception by school board designated in Act No. 120 of 1916, § 6, as the Franklin Parish school board, on ground that it was sued as board of directors of the public schools of the parish of Franklin, the name by which it was designated in previous statutes, particularly Act No. 214 of 1912, § 6, *held* properly overruled with directions to plaintiff to amend.

2. Schools and school districts ⚖111—Persons voting for bond issue and levy of special tax not entitled to attack legality of proceedings.

Persons who voted for bond issue and levy of special tax in school district could not attack legality of proceedings because school district was not correctly named in some of the proceedings, because election was held on same day as election for different purpose, or because of defects in published notice under Act No. 256 of 1910, § 3.

Appeal from Eighth Judicial District Court, Parish of Franklin; S. R. Holstein, Judge.

Suit by W. T. Frazier and others against the Board of Directors of the Public Schools of the Parish of Franklin. From a judg-

ment dismissing the suit, plaintiffs appeal. Affirmed.

H. G. Vaught, of Winnsboro, for appellants.

W. H. Thompson, of Winnsboro, for appellee.

O'NIELL, C. J. Plaintiffs have appealed from a judgment dismissing their suit to annul the proceedings of the Franklin parish school board authorizing a bond issue and a special tax to build a public schoolhouse in what is known as school district of ward No. 9. The bond issue was authorized by a majority vote, in both number and amount, of the property tax payers of the district.

The plaintiffs, eight in number, sued as property tax payers residing in the district. One of them, it is conceded, does not reside in school district of ward No. 9, or own property in the district, or in the parish, for that matter. The seven other plaintiffs voted for the bond issue in the special election which they are now suing to annul.

[1] Before answering the suit the Franklin parish school board filed an exception or motion to dismiss the suit, averring that there was no board or corporation known by the name "board of directors of the Public schools of the parish of Franklin," the name given in plaintiffs' petition.

According to section 6 of Act 120 of 1916, the title or corporate name of the defendant board is Franklin parish school board. Under previous statutes, particularly section 6 of Act 214 of 1912, the title of the board was board of directors of the public schools, etc. The citation and a copy of the petition had been served upon the president and upon the secretary of the Franklin parish school board. The judge therefore very properly overruled the board's exception or motion to dismiss the suit, and, to make sure of having due process of law, he directed the plaintiffs to amend their petition so as to sue the board in its corporate name. The petition was so amended and a copy of the amended

petition, with a new citation, addressed to the board in its corporate name, was served upon the president and upon the secretary of the board.

Thereupon the defendant filed a plea of prescription of 60 days, under section 17 of Act 256 of 1910, and a plea of estoppel, founded upon the plaintiffs' having voted for the bond issue now complained of.

The district judge rejected the plea of prescription, but maintained the estoppel. Answering the appeal, the board has renewed the plea of prescription and prays for a reversal of the judgment in that respect. As the suit was filed and citation served within the 60 days after the promulgation of the result of the election, the plea of prescription has nothing to rest upon, except that the second citation, accompanying the corrected petition, was served after the expiration of the 60 days. However, having concluded that the judgment is correct in maintaining that the plaintiffs are equitably estopped, or have no right to annul the election complained of, we find it unnecessary to consider the judgment overruling the plea of prescription.

[2] It is not charged in this suit that the defendant board has violated, or has failed to comply with, any provision of the Constitution on the subject of creating school districts, holding special elections, incurring debt, issuing bonds, or levying special taxes, for the building of public schoolhouses. The complaints, stated broadly, are:

(1) That in some of the proceedings of the board, particularly in the ordinance purporting to make a school district of ward No. 9, the district is called "school district ward 9," instead of being called, as it is in subsequent proceedings, "school district of ward No. 9."

(2) That at the time of calling the special election to authorize the bond issue the board also called another special election, which was held on the same day, at which the taxpayers expressed their preference as to whether the proposed new schoolhouse should be built at Ft. Necessity, in the northeastern part of the school district, or in section 24, nearer the center of the district. It is conceded that the action of the school board in that respect was merely a matter of grace, and it is alleged that the result of the election of the location of the proposed new schoolhouse at Ft. Necessity was without legal effect, even though the board intends to abide by it. Plaintiffs' complaint in that respect is that the holding of the two elections on the same day might have confused the taxpayers.

(3) That the published notice of the calling of the special election did not state specifically the purpose of the election, or "embrace substantially all things that are required to be set forth in the resolution," as section 3 of Act 256 of 1910 requires.

There is no occasion for inquiring into the merits of plaintiffs' complaints. This court has often recognized, as a sound principle, that it would be inequitable and unjust to the public to allow one who has voted or petitioned for the levy of a special tax to complain afterwards that the proceedings were illegal. Cooley on Taxation, 819; Andrus v. Board of Police, 41 La. Ann. 697, 6 South. 603, 5 L. R. A. 681, 17 Am. St. Rep. 411; Perkins v. Board of Police, 41 La. Ann. 702, 6 South. 604; Desmarais v. Board of Police, 42 La. Ann. 799, 8 South. 597; Dupre v. Board of Police, 42 La. Ann. 802, 8 South. 593; Taxpayers of Webster Parish v. Police Jury, 52 La. Ann. 470, 27 South. 102; Mayor of New Iberia v. Fontelieu, 108 La. 464, 32 South. 369; Burdin v. Police Jury, 127 La. 556, 52 South. 861.

There may be, of course, cases in which the taxpayer's complaint should not be governed by the rule stated. It is sufficient to say that none of the complaints of the taxpayers in this case has any feature that should except it from the rule stated in the decisions cited.

The judgment is affirmed, at appellants' cost.