ROGERS, J.
 

 On November 18, 1925, an information containing one count was filed in the district court, charging appellee with burglary and larceny committed on the previous day. Upon the trial of the ease, the accused was found guilty of larceny. He applied for a new trial, which was granted; the trial judge ruling that under the charge as laid in the information the accused could be found guilty only of burglary or not guilty. Later, he was again called for trial on the same information, and, after the jury had been impaneled, filed a plea of autrefois acquit. The court below sustained the plea, and the judgment was affirmed by this court. See State v. Fradella, 162 La. 1067, 111 So. 423.
 

 On May 4, 1927, the district attorney entered a nolle prosequi of the information on which appellee was tried, and immediately thereafter filed a new information charging him with the commission of the crime of larceny on May 17, 1925. In this information the district attorney set forth the filing of the prior information charging the accused with burglary and larceny, averred that this court had maintained a plea of autrefois acquit to the crime of burglary charged therein, and that the said information was nolle prosequied.
 

 When the case was called for trial on the new information, defendant filed a plea of prescription founded on Rev. Stat. § 986, as amended by Act 73 of 1898. The plea was sustained, and the accused discharged. Prom this judgment the state has appealed.
 

 The information charging appellee with burglary and larceny was -filed on November 18, 1925. The present information for larceny was not filed until May 4, 1927. Hence more than a year had elapsed since his alleged offense was made known to a public officer having power to direct a public prosecution. The prescription invoked by appelleeis applicable, unless it be interrupted as provided in the ultimate paragraph of the statute. This paragraph reads:
 

 “In all criminal prosecutions for any crime or offense an indictment found, or an information filed, before prescription has from any cause accrued, shall have the effect of interrupting prescription; and if said indictment or information be quashed, annulled, or set aside, or a nolle prosequi entered, prescription shall begin to run against another indictment or another information based on the same facts, only from the time that said original indictment or said original information was quashed, annulled, or set aside, or a nolle prosequi entered; and the prescription and exemption herein above provided shall not apply to any conviction under said other indictment, but, on the contrary said prescription or exemption shall not be pleaded against such offense.”
 

 The original information against the appellee was neither “quashed, annulled, or set aside.” It charged him with burglary, for which he was tried and acquitted by the jury. Because of the acquittal, he is immune from further prosecution for said offense, and the nolle prosequi entered after the verdict has no legal effect. State v. Byrd, 31 La. Ann. 419.
 

 The crime of larceny is not an element in the crime of burglary, nor is it essentially included therein. The facts justifying a charge of burglary are quite distinct from the facts warranting a charge of larceny. Nevertheless, with all the facts in his possession, the law officer of the state elected to prosecute appellee for burglary alone, charging larceny merely as expressive of the intent with which the crime alleged was committed. He did not attempt to prosecute appellee for larceny as a separate and distinct offense until the present information was filed, more thán 17 months after he had knowledge of the crime. At that time, however,
 
 *755
 
 the prescription pleaded by appellee had accrued.
 

 Counsel for appellant cite State v. Gibson, 108 La. 464, 32 So. 332. The case is not appropriate. After committing the offense, the accused at once fled from justice, and was not apprehended until approximately 4 years thereafter. He then succeeded in annulling the indictment on a motion to quash, but another indictment, curing the defects and averring his flight as interrupting prescription, was immediately found. His plea of prescription of one year in bar of prosecution under the second indictment was properly overruled, because the court found that prescription had been interrupted as alleged in the indictment.
 

 Counsel for appellant also cite State v. Diskin, 35 La. Ann. 46. That case is also inappropriate to the question presently under consideration. There it was held that an indictment for murder interrupts prescription for manslaughter, if filed within a year after the commission of the offense. That was because murder and manslaughter belong to the same generic class of crimes. An indictment for murder constitutes in legal intendment a prosecution for manslaughter, and the jury is authorized to return a verdict accordingly.
 

 The other cases referred to in appellant’s brief likewise have no bearing upon the issue before us.
 

 For the reasons assigned, the judgment appealed from is affirmed.