516 So.2d 146 (1987)
STATE of Louisiana
v.
Anthony HOYAL.
No. 87-KA-35.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
*147 Dale J. Petit, Hester, for defendant-appellant.
Anthony J. Nobile, Lutcher, for plaintiff-appellee.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal comes to us after filing writs following the trial court's denial of the defendant's application for post conviction relief. We affirm.
FACTS
On March 1, 1983, a grand jury indicted then 18-year-old defendant, Anthony Hoyal, for the February 5, 1983 aggravated rape of Chastity Morris, a female then seven years of age, in violation of La.R.S. 14:42. The defendant was arraigned on March 21, 1983 and pled not guilty. He then filed a motion for appointment of a sanity commission, and a hearing was set for September 13, 1983. On that date, the trial court granted the defense counsel's motion to withdraw and appointed new counsel. No action was taken on the motion for a sanity commission.
The defendant was rearraigned on September 19, 1983 and again he pled not guilty. After trial, he was found guilty as charged. A motion for appeal filed on December 19, 1983 was granted by the trial court. Sentencing was set for January 16, 1984 but was continued to February 14, 1984. During this period, the district attorney's office entered into plea negotiations whereby the defendant would plead guilty to forcible rape in violation of La.R.S. 14:42.1 and receive a sentence of 25 years at hard labor, the first two years to be served without benefit of probation, parole, or suspension of sentence. Thereafter, the defendant accepted the plea bargain. A bill of information was filed, charging him with forcible rape. He was arraigned and after Boykinization pled guilty to forcible rape. The trial court sentenced the defendant to 25 years at hard labor, the first two years to be served without benefit of probation, parole, or suspension of sentence. After the sentence was read in open court, the district attorney's office moved to have the grand jury indictment nolle prossed, which the trial court ordered. On the defendant's motion, the previously granted appeal was dismissed.
*148 ASSIGNMENTS OF ERROR
We have been presented with nine assignments of error:
(1) Whether the trial judge committed reversible error by qualifying Chastity Morris, age 7, as a competent witness to testify at trial;
(2) Whether the trial judge erred by allowing the hearsay testimony of Detective Mary Rita Kliebert to be heard by the jury;
(3) Whether the trial judge erred and committed reversible error by failing to grant a mistrial for the violation of its order of sequestration of witnesses when there was testimony that Chastity Morris and Detective Mary Rita Kliebert had spoken with each other after the start of trial;
(4) Whether the jury verdict was contrary to the evidence presented;
(5) Whether double jeopardy occurred when, after a jury trial and conviction of aggravated rape, (but prior to sentencing), the defendant accepted a plea bargain, pled guilty to forcible rape, and was sentenced for the crime of forcible rape;
(6) Whether an attorney-at-law is incompetent to handle an aggravated rape trial when he has been admitted to the practice of law for less than five years;
(7) Whether an attorney-at-law is incompetent when he permits his client to plead guilty to a lesser charge of forcible rape after the defendant has been convicted by a jury of aggravated rape;
(8) Whether the Boykinization of a defendant must be on the same language level that the court must determine to meet each and every defendant's level; and
(9) Whether the sentence of 25 years at hard labor with the first two years being served without benefit of probation, parole, or suspension of sentence is excessive for the charge of forcible rape.
ANALYSIS
The issues raised by the first four assignments of error claim error in the trial court's rulings during the defendant's trial for aggravated rape. The record shows that the appeal from that conviction was dismissed. Even if it had not been dismissed, an appeal from that conviction would be premature, since the defendant has not been sentenced on that conviction. Accordingly, the first four assignments of error have no merit.
In addressing the fifth assignment of error, namely, whether double jeopardy occurred, we note La. Const. art. I, § 15 states, "No person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained."
Our statutory law in La.C.Cr.P. art. 591 states
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
Moreover, La.C.Cr.P. art. 592 provides: "When a defendant pleads not guilty, jeopardy begins when the first witness is sworn at the trial on the merits. When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed."
From our review of the record, it is evident the defendant was placed in jeopardy of conviction and punishment for aggravated rape when the first witness was sworn in at the trial on the merits. Thereafter, he was placed in jeopardy a second time when he was sentenced after pleading guilty to forcible rape, since forcible rape is a responsive verdict to a charge of aggravated rape under La.C.Cr.P. art. 814(A)(8). La.C. Cr.P. art. 596(1) provides that double jeopardy exists in a second trial when the charge in that trial is "[i]dentical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial." Accordingly, we find that, although the State did not attempt to punish the defendant twice for the same offense since it never sentenced him under the aggravated rape conviction, it did technically prosecute *149 him twice for that offense, since he pled guilty to forcible rape while the conviction for aggravated rape was still viable.
It is clear from the circumstances surrounding the sentence of the defendant for forcible rape that the State did not intend to subject the defendant to double jeopardy. But, since double jeopardy did occur, we must now determine the effect of the district attorney's motion to nolle prosse the indictment for aggravated rape when the motion was made after the conviction for aggravated rape and after the defendant pled guilty to forcible rape pursuant to a plea bargain.
In addressing this dilemma, we are directed by our La.C.Cr.P. arts. 691 and 692. Art. 691 states:
The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.
Art. 692 states, "After conviction, the district attorney is authorized to dismiss an indictment or count thereof only: (1) When a new trial has been granted. (2) When a motion in arrest of judgment has been sustained."
From these statutory dictates, it appears the attempt by the district attorney's office to nolle prosse the indictment for aggravated rape was arguably unsuccessful, in light of La.C.Cr.P. art. 692, since neither a motion for a new trial was pending nor a motion in arrest of judgment was filed. However, our jurisprudence indicates that the district attorney's office can enter a nolle prosse after the verdict has been rendered and before sentencing as long as he has the trial court's permission. See State ex rel. Bier v. Moise, 48 La.Ann. 144, 18 So. 956 (La.1895); State ex rel. Bier v. Klock, 48 La.Ann. 140, 18 So. 942 (La.1895); State ex rel. Butler v. Moise, 48 La.Ann. 109, 18 So. 943 (La.1895).[1] We note the trial judge granted the district attorney's motion to nolle prosse the indictment for aggravated rape. We suggest that a reading of La.C.Cr.P. art. 692 in pari materia with art. 691 and the jurisprudence interpreting it makes it apparent that the limitations in art. 692 were meant to apply to the district attorney's authority to nolle prosse a case without the consent of the court. Therefore, art. 692 is not a bar to the nolle prosse per se.
*150 In light of the above-cited statutory law and jurisprudence, it is evident that the trial court's consent to an entry of nolle prosequi on an indictment after a conviction and before sentencing is permissible in Louisiana. The interests of the defendant are protected in three ways. First, La.C.Cr.P. art. 693 provides
Dismissal by the district attorney of an indictment or of a count of an indictment, discharges that particular indictment or count. The dismissal is not a bar to a subsequent prosecution, except that:
(1) A dismissal entered without the defendant's consent after the first witness is sworn at the trial on the merits, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed....
Once jeopardy has attached, the district attorney may not properly dismiss the prosecution over the objection of the accused. State v. Fradella, 164 La. 752, 114 So. 641 (1927). Defendant Hoyal clearly agreed to the district attorney's motion to nolle prosse the indictment for aggravated rape as an incident to the agreement reached through plea bargaining. Secondly, although the nolle prosequi of the indictment for aggravated rape would not in and of itself prevent the issuance of a subsequent indictment for that same offense, constitutional and statutory provisions prohibiting double jeopardy would do so in a case such as Hoyal's where a valid conviction of forcible rape still stands. Thirdly, as noted in Official Revision Comment(b) to La.C.Cr.P. art. 691, the public record requirement in that article serves as an indirect check on the district attorney's power of dismissal. Fourthly, the interests of the defendant and of the state are protected by the statutory and jurisprudential rule that no nolle prosequi can issue in a case such as Hoyal's, unless the trial judge consents. Accordingly, even though the defendant was temporarily subjected to double jeopardy, we find the immediate nolle prosequi of the indictment corrected the constitutional infirmity, as if the original conviction had never occurred. Finally, as a practical matter, we note that if the prosecution was willing to allow the defendant to receive less than the mandatory sentence for aggravated rape, the trial court could have accomplished that result by granting a motion for a post judgment verdict of acquittal under La.C.Cr.P. art. 821(C), which reads:
If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
Therefore, under La.C.Cr.P. art. 921 we see no substantial rights of the accused affected; accordingly, this assignment has no merit.
Regarding assignments of error 6-9, we find, after a careful reading of the record in its entirety, that these assignments have no merit.
For the reasons assigned, the judgment of the trial court which denied post conviction relief is affirmed.
AFFIRMED.
NOTES
[1] In Louisiana, the power to nolle prosse an indictment has been distributed between the court and the prosecuting attorney, and the amount of discretion vested in each of these two entities depends upon at what stage in the proceedings nolle prosequi becomes an issue. In State ex rel. Butler v. Moise, 18 So. at 954, the court divided a criminal prosecution into three stages, namely: (1) the inauguration or preliminary stage, when the prosecuting officer has absolute control of his indictments; (2) the trial of the cause and its incidents, during which the court has control and the power of the prosecuting officer is suspended; and (3) the period between the verdict of the jury and the sentence by the court, when the pardoning power comes into operation. That case involved the district attorney's application for a writ of mandamus against a judge to compel the judge to grant the district attorney's formal motion for nolle prosequi for an indictment in a case that was in the third of the above-mentioned stages of proceedings. The Supreme Court refused to grant the writ of mandamus on the grounds that the district attorney did not have the right to enter a nolle prosequi in a criminal proceeding, after the accused had been convicted by a verdict and before sentencing.

In the connected case of State ex rel. Bier v. Klock, 18 So. at 943, the Supreme Court concluded that the powers of the district attorney to enter a nolle prosequi are subject to two limitations: (1) after the jury has been impaneled and the charge read, he cannot discontinue if the defendant insists on a verdict, and (2) after a verdict and a refusal to grant a motion for a new trial, he is without authority to dismiss the prosecution without the authority of the court. It stated:
The law does not seem to contemplate that, at the period between the refusal of the new trial and the sentence, the district attorney may without the consent of the court, abandon the prosecution, any more than it would be possible for that officer, after the defendant in regular proceedings has been found "Not guilty," to have a motion entered of guilty based upon defendant's waiver of the verdict of "Not guilty." (emphasis added)