PROVOSTY, J.
[1] Act 85 of 1886, p. 124, makes it a crime for any physician to prescribe intoxicating liquors with intent to evade, or to assist others in evading, the intoxicating liquors laws of the state. The act applies both to prohibition territory and to territory where the sale of intoxicating liquors is allowed on payment of a license. As applicable to the latter territory, it makes it a crime for any physician to prescribe intoxicating liquors with intent to evade, or to assist others in evading, the law requiring a license to be obtained for selling intoxicating liquors. As applicable to prohibition territory, it makes it a crime for any physician to prescribe intoxicating liquors with intent to evade, or assist others in evading the law prohibiting the sale of intoxicating liquors.
*683 [2] An indictment for a violation of this statute was found against defendant in the parish of Calcasieu. Calcasieu being a prohibition parish, the proper intent to have charged would have been the intent to evade, or assist in evading, the laws prohibiting the sale of liquors. But, by error, instead of charging that intent, the indictment charged the intent to have been to evade the law requiring a license to be paid for selling intoxicating liquors. The case was one required by law to be tried by the judge without a jury. After one witness had been sworn and in part heard, the judge ordered a mistrial to be entered, and directed the district attorney to file an information alleging the proper intent; and this was done.
To the information thus filed the accused pleaded once in jeopardy.
The test of once in jeopardy is whether on the former trial the accused could have been convicted of the crime charged against him on the second trial. Applying that test to this case, we see clearly that this plea of once in jeopardy is without merit. No matter what evidence might have been offered on the first trial, the accused could not have been convicted on the offense now charged against him, namely, of having prescribed intoxicating liquors with the intent to evade the law requiring a license to be paid for selling liquors.
The consideration of the other points in the case had best be preceded by a statement of the facts. In the parish of Calcasieu, it being suspected that the prohibition law which there prevails was being violated, two detectives were employed to discover the violations, and bring the culprits to justice. Both of these detectives were strangers to defendant. One of them, whose name was Pinson, applied to defendant for a prescription under the assumed name of “Watson.” The defendant heard the name as “Watkins,” and gave the prescription in the latter name. The other detective applied for and received a prescription in his own name of Higginbotham. The information charged the defendant with having given prescriptions to Pinson and Higginbotham.
The information against defendant charges that, “being a physician and practitioner of medicine, he did prescribe spirituous and intoxicating liquors to one W. M. Pinson and W. W. Higginbotham, with the intent to evade, and to assist another, Adolph Meyer, in evading, the law prohibiting the sale of spirituous and intoxicating liquors in the parish of Calcasieu, state of Louisiana.”
Adolph Meyer was the druggist who filled the prescriptions; or, in other words, sold the intoxicating liquors.
The accused called for a bill of particulars. In response to the call, the district attorney stated that one of the prescriptions was given by defendant to W. M. Pinson on October 26, 1910, in the office of accused above the drug store of Adolph Meyer in the city of Lake Charles, between Division and Mill streets, for some good pure whisky, unmixed with other drugs, and that the prescription was presented to and filled by Jacob Meyer, clerk in the said drug store of Adolph Meyer.
The same details were given as to the other prescription, that given to I-ligginbotham.
The case was tried four days after the filing of this bill of particulars. On the day of the trial, before going into the trial, the accused moved that the prescriptions mentioned in the bill of particulars be produced and filed in the record. The court overruled the motion, and the trial was proceeded with. The judge assigned as his reason for overruling the motion that the defendant was cognizant of all the facts because the same facts had all been fully gone into in a former case; and that, moreover, it was well known that the Higginbotham prescription had been suppressed, and that therefore the producing of it was out of the power of the state.
*685 [3] Without passing upon the point of whether the defendant is entitled as matter of right to oyer of the documents intended to be relied upon by the state for establishing the case against him, we will say that in this particular case the documents in question having been written by defendant himself, and he having had already with regard to them all the information he could possibly have, his complaint of the prayer for oyer having been overruled is purely frivolous.
[4] The next contention, that the prosecution has failed to prove its case, because no prescription to either of the persons named in the information was produced on the trial, goes to the merits on the question of guilt •or innocence, and therefore does not come within the jurisdiction of this court.
[5] On the trial, when the Pinson pre.seription, given in the name of Watkins, was offered in evidence, defendant objected, •on the ground that the prescription was in the name of Watkins, and that there was no allegation in the information of a pre•scription to Watkins.
The judge says in his per curiam that the testimony in the case fully identified the prescription as the one that had been given to Pinson by defendant. Such being the case, the objection was frivolous.
[6] Another objection to evidence was to •the testimony of Pinson to the effect that he applied to the clerk at the Adolph Meyer drug store for the purchase of a bottle of whisky, and that the clerk, after telling him that he could only sell it on prescription, went on to tell him how they “managed it,” and referred him to defendant for a prescription. These statements of the clerk were objected to, as having been made out of the presence of the accused.
We think they were properly admitted, because the statements thus made were part of the res gestee.
They were part of the transaction which culminated in the giving of the prescription and in the sale of the bottle of whisky. They constituted one of the links in the chain of events. State v. Horton, 33 La. Ann. 289; State v. Corcoran, 38 La. Ann. 949.
“The term ‘res gestee’ has been extended to include statements which tend to establish liability by showing acts done on distinctly other occasions as part of a consistent plan of operation.” 16 Cyc. 1155.
“It is a well-settled rule of the modern law of evidence that, where the making of a statement assists to constitute the transaction or to prove per se a relevant fact, the declaration is competent.” Id. 1152.
Another objection to evidence was to the testimony of Pinson to the effect that the accused gave him the prescription. The ground of the objection was that the prescription itself was the best evidence. The objection is not insisted on in the brief, and is manifestly frivolous.
The next and last complaint is that the state failed to make out its case. Needless to say, that question relates to the merits, with which this court has nothing to do.
Judgment affirmed.