(93 South. 95)

No. 25285.

## STATE v. ROBERTS.

(June 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⊚➞108(1)—**Defendant must be tried in parish where offense committed, unless venue changed.**

Under the Constitution, every person must be tried in the parish in which the offense charged against him was committed, save where the venue is changed on motion of the state or of the accused.

2. **Criminal law** ⊚➞202(3)—**Possession and transportation of same liquor in different parishes only one offense.**

The possession and transportation of the same liquor on the same day in two different parishes, defendant having gone from one into the other, constituted but a single offense, and defendant having been convicted therefor in one parish could not be prosecuted in the other under Const. 1921, art. 1, § 9.

3. **Criminal law** ⊚➞195(1)—**Only substantial identity essential to support plea of former jeopardy.**

The identity of offenses which is an essential element of a plea of autre fois is not a formal, technical, or absolute identity, but only substantial identity; the rule being that the evidence necessary to support the second indictment must have been sufficient for the first.

Appeal from Second Judicial District Court, Parish of Bossier; J. E. Reynolds, Judge.

Minor Roberts was convicted of possessing and transporting liquor, and he appeals. Conviction set aside, informations quashed, and the accused discharged.

Scheen & Blanchard, of Shreveport, for appellant.

A. V. Coco, Atty. Gen., and R. Harwell Lee, Dist. Atty., of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C composed of Justices DAW-KINS, ST. PAUL, and THOMPSON.

THOMPSON, J. Defendant was charged in the district court of Bossier parish, by separate informations, with (1) unlawfully having in his possession, for sale, certain intoxicating liquors, to wit, 4 bottles of gin and 200 bottles of wine, and (2) unlawfully transporting certain intoxicating liquor, to wit, 4 bottles of gin and 200 bottles of wine. The two charges were consolidated for trial, and on the trial defendant was convicted and sentenced in each case to pay a fine of $301 and costs. He prosecutes this appeal.

Before the trial the defendant filed a plea of autre fois convict, in which it was alleged that he had been tried, convicted, and sentenced in the parish of Red River on the same evidence and for the same offense as that with which he was charged in the parish of Bossier. The plea was overruled by the court and to this ruling an exception was reserved. After the evidence was introduced and before conviction, the defendant asked the court to charge: (1) That a defendant cannot be tried in different parishes of the state of Louisiana for the same offense. (2) That a prior conviction in one parish of the state is a bar to a prosecution in another parish for the same offense. (3) That the defendant is here charged with a violation of Act 39 of 1921; that he was transporting intoxicating liquor from the parish of Red River, and while so doing the sheriff of said parish attempted to arrest him in the parish of Red River, and that the defendant resisted and ran and was pursued into the parish of Bossier by the sheriff of Red River, and while thus resisting arrest was taken into custody by the sheriff of Bossier parish and thereafter tried and convicted in Red River parish for said offense; that said offense was a continuous offense, one and the same offense, and defendant, having been tried and convicted, is now in jeopardy. The court granted the first and second but refused the third charge. The ruling refusing the third charge forms the basis of the sec-

ond bill of exception. The agreed statement of facts brought up with the bills of exception shows that the defendant had in his possession and was transporting in Red River parish the liquor described in the information in the present case. The officers of that parish "went after him," when he fled into Bossier parish, being closely followed by the officers of Red River. When defendant got across the line into Bossier, he "ran into," and was arrested by, the officers of the last-named parish. The gin and wine defendant had in his possession when arrested in Bossier was the identical gin and wine he carried out of Red River. The act of fleeing from' Red River and defendant's arrest in Bossier occurred on the same day. It is admitted that defendant was tried and convicted and sentenced in Red River for having in his possession and transporting the same liquor for which he has been convicted and sentenced in these two cases.

The district judge assigns as a reason for overruling the plea of former jeopardy:

"That the accused had not been tried in Red River parish for 'transporting or being in possession of intoxicating liquors in Bossier parish. That the transportation or possession of intoxicating liquors in Bossier parish could not be tried in Red River parish without a change of venue issuing from Bossier parish, and that the Bossier court must take judicial notice that no change of venue had been granted."

[1, 2] The ruling assumes that there were two separate and distinct offenses, one in Red River and the other in Bossier, and that defendant was amenable to prosecution in each parish. If the premise was correct, the ruling was proper, for nothing is clearer than that a prosecution could not be had in Red River parish for an offense committed in Bossier parish, unless there was a change of venue. It is of constitutional requirement that every person shall be tried in the parish in which the offense charged against him was committed, save where the venue has been changed on motion of the state or of the accused. There was manifest error, however, in holding that the possession and transportation of the same gin and wine on the same day in the two parishes constituted two separate and distinct offenses against the state. The statute denounces the possession and transportation of intoxicating liquor for beverage purposes as a crime or misdemeanor, but the offense is against the state, and not against the various territorial jurisdictions or subdivisions of the state. Nowhere in the statute is it either expressly or impliedly declared that the possession or the transportation of the identical and same liquor shall be a separate and distinct offense in every jurisdiction in the state in which the said liquor may be transported or possessed. The possession and the transportation of the liquor in the instant cases in the two parishes on the same day constituted but a single violation of the statute, and in the eye of the law the act may be 'regarded as a continuing offense and subject to prosecution in either of the parishes into which the liquor was transported or in which it was possessed. Certain it is that the defendant could not be prosecuted in both parishes, for no person can be twice put in jeopardy for the same offense, except under certain conditions provided in the Constitution. Section 9, art. 1, Constitution 1921.

The gravamen or the essence of the offense against the state was the possession and transportation of the liquor. The line dividing the parishes, from which and into which defendant transported the liquor, formed no essential element of the offense. The only importance the parish line could have in the matter would be for the determination of the question of venue or jurisdiction.

[3] In Marr's Criminal Jurisprudence, p. 580, it is said that identity of the offense is an essential element in support of a·plea

of autre fois. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that the evidence necessary to support the second indictment would have been sufficient for the first. In the instant case there was not only substantial identity, but the identity of the possession and the transportation in the two parishes of the same liquor was absolute and conclusive. No more and no different evidence was required to support the charge in Bossier than was necessary to make out the case in Red River.

It would indeed create an anomaly in jurisprudence to hold that the mere act of crossing the parish line with the continuous and uninterrupted possession of the fruits of the crime constituted two separate and distinct offenses against the state, one punishable in Red River and the other in Bossier. Under the theory of the prosecution, if the defendant had left the city of New Orleans with his "gin and wine" and traveled overland with Shreveport as his ultimate destination, he could have been prosecuted in each and every one of the parishes through which he had occasion to pass. In other words, the prosecutor could spin out the one single crime into a series of prosecutions commensurate in number with the parishes through which the offender passed. We have not found any authority to support such a strange doctrine.

."When a larceny has been committed in one county and the thief removes the stolen property into another county, he is, in the eye of the law, guilty of the larceny in every county into which the goods may thus have been carried." Wharton on Crime, vol. 2, par. 1812.

Larceny is a continuous offense, but no one, we imagine, would contend that after prosecution and conviction in the jurisdiction where the theft was committed, the thief could again be prosecuted in another parish into which he may have carried the property.

The rule laid down in American and English Encyclopedia of Law (volume 17, p. 603) is that where one act constitutes several crimes, there may be separate prosecutions for each crime, but the state cannot split up a single crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime. And again, a prosecution for an offense which is a continuing one is a bar to a subsequent prosecution for the same offense. In Wharton on Crimes, vol. 2, par. 1817, it is said:

"If this reasoning be correct there can be, when there is such continuousness, but a single prosecution, and one prosecution for a section or part of the things taken absorbs the offense. If the prosecutor elects to take such a section, he cannot spin out the prosecution into a series of cases. Such is the reasoning by which eminent German jurists have reached the conclusion that for a continuous offense there can be but a single prosecution, unless some extrinsic force necessitates the breaking of the offense into fragments."

Our conclusion is that the possession and transportation of the same intoxicating liquors in the two parishes on the same day, the defendant having gone from one parish into the other with said liquors, constituted but a single offense against the state, and while it was a continuing offense and punishable in either parish, the defendant cannot be prosecuted in both parishes. Having been previously convicted and sentenced in Red River parish, the defendant was not subject to prosecution for the same offense in Bossier parish.

It is therefore ordered and decreed that the conviction and sentence in each of the cases appealed from be set aside, that the two informations be quashed, and the accused discharged.