BRUNOT, J.
 

 The defendant was indicted and prosecuted for the larceny of property valued at $54. He was convicted of the larceny of property valued at $16, and was sentenced to imprisonment in the parish prison for 90 days. From the verdict and sentence he appealed.
 

 There áre two bills of exception in the record.
 

 Bill No. 1 was reserved to the overruling of a plea of autrefois acquit. The plea and bill recite, in substance, that the grand jury returned two indictments against the defendant for the same act; that in one indictment defendant is charged with- burglary, and in the other he is charged with larceny; that he was tried upon the- charge of burglary, and was acquitted; and, as both indictments are for the same act, the major charge includes the minor, and a trial upon the second indictment would twice place the defendant in jeopardy for the same offensfe. The fallacy of the contention of defendant’s counsel is too- apparent to requiré very serious, consideration. Burglary and larceny are distinct offenses. They are triable under the provisions of section 9 of article 1 of the Constitution of 1921, in differently constituted tribunals. The penalty for burglary is necessarily imprisonment at hard labor in the state penitentiary, and is therefore triable by a jury of twelve, while larceny is graded, and is triable by a jury of five, or by the judge without a jury, but, whether it be grand or petty larceny the penalty is not necessarily imprisonment in the penitentiary. The learned trial judge in his per curiam to this bill says:
 

 “The court overruled the plea filed herein, for the reason that the burglary charge was a separate and distinct offense from the larceny charge, and the jury which acquitted him of the burglary charge could not have convicted or acquitted him of the charge of larceny, larceny not being an ingredient of the crime of burglary, nor would a verdict of guilty of larceny have been a responsive verdict to the charge of burglary.
 

 “The court conceives the true test to be whether on the former trial the accused could have been convicted of the crime charged against him on the second trial. State v. Terry, 128 La. 680, 55 So. 15; State v. Yokum, 155 La. 846, 99 So. 621; State v. Foster, 156 La. 891, 101 So. 255.”
 

 The fact that a, person commits several separate and distinct crimes at the'same time, or in immediate, consecutive order, is no reason why he should not be indicted and tried for each of said crimes. This rule is so universally recognized and applied that any citation of authority would be superfluous.
 

 Bill No. 2 was reserved to the overruling of a motion in arrest of judgment.
 
 *299
 
 This motion reiterates the plea of autrefois acquit, which is disposed of in our consideration of bill No. 1, and upon the additional ground that the verdict was not responsive to the charge, in that the property alleged to have been stolen was valued in the indictment at $54, while the verdict of the jury fixes the value of the stolen property at $16.
 

 In the case of State v. Glenn, 153 La. 147, 95 So. 534, the accused was charged with the larceny of property valued at $35, and was found guilty of the larceny of merchandise valued at $17.50. He filed a motion in arrest of , judgment, and based his motion upon the same ground the defendant in this case now urges. In the Glenn Case we said:
 

 “We think the verdict sufficient. Its meaning is unmistakable; the jury clearly meant to find the accused guilty of the larceny with which he was charged and to establish the value of the stolen property at more than $5.00 and less than $20.00, thereby fixing the precise nature of the offense and the penalty appropriate thereto. Act 107 of 1902, § 5.”
 

 Eor the reasons stated, the verdict and sentence are affirmed.