(131 So. 34)

**STATE v. O'BANION et al.**

No. 30829.

Nov. 3, 1930.

John B. Kent and L. J. Mayeux, both of Oberlin, for appellants.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, and E. R. Schowalter, Asst. to Atty. Gen., for the State.

ST. PAUL, J.

The defendants were charged in one information, containing two counts, (1) with breaking and entering in the nighttime with intent to steal, and (2) with taking and carrying away goods and merchandise of the value of $200.

■■ As the two crimes were committed on the same occasion, and arose out of one continuous unlawful transaction, they were properly charged in one and the same information; but being distinct crimes, they were properly charged in two distinct counts of the same information. Code Cr. Proc. art. 218.

■ On June 23d both defendants were put on trial on count No. 2, to wit, on the charge of larceny, before a jury of five, and were duly convicted.

On June 24th the defendant O'Banion was called for trial on count No. 1, to wit, for breaking and entering in the nighttime, before a jury of twelve; and was duly convicted.

Before entering upon said trial he filed a plea of former jeopardy, to wit, his trial before the jury of five. Which plea was duly overruled by the trial judge.

We think the plea was properly overruled. The charge of larceny, being punishable by imprisonment with or without hard labor, was triable before a jury of five; but the charge of breaking and entering in the nighttime, being punishable necessarily by imprisonment at hard labor, was triable by a jury of twelve. Const. 1921, art. 1, § 9.

■ As the two crimes are not triable before the same tribunal, it follows that the ruling in State v. Roberts, 170 La. 727, 129 So. 144, 146, is not applicable. For in that case we said: "there can be no reason in law or logic why the state should not be limited to one indictment and one trial for two or more crimes of like magnitude and *triable before the same tribunal,* where they are so related, connected, and continuous as to form but one transaction." (Italics by this writer.) But in this case the two crimes are not triable by the same tribunal. For the crime of larceny is not included in the charge of breaking and entering. State v. Montcrieffe, 165 La. 296, 115 So. 493.

■ It is quite true that if the crime of larceny were necessarily included in the charge of breaking and entering the whole matter might have been tried by a jury of twelve, even without a second count in the indictment. Thus, "A court or jury having jurisdiction to try the defendant for the crime charged in a bill of indictment or information has jurisdiction to convict him of a less serious crime, of which, if charged alone, the court or jury would not have jurisdiction; provided, of course, all of the elements of the less serious crime are essentially included in the definition of the crime charged." State v. Desselles, 150 La. 494, 506, 90 So. 773, 778.

Hence if the crime of burglary necessarily included the crime of larceny, the whole matter might have been tried by a jury of twelve, having jurisdiction to try the greater offense; but in no case could the defendants have been tried by a jury of five for the crime of burglary.

It is therefore clear that the defendants were at no time in jeopardy of a valid conviction for burglary before the jury of five

which convicted them of the crime of larceny.

In other words, the Code of Criminal Procedure provides that if two separate offenses arise out of one continuous unlawful transaction, both offenses shall be charged in one indictment, but the Constitution provides that the two offenses (if one be not included in the other) shall be tried by separate tribunals.

The plea of former jeopardy was therefore properly overruled. The appeal of J. W. Thomas presents nothing requiring our consideration.

### Decree.

The judgment appealed from is therefore affirmed.