*80
 
 SIMON, Justice.
 

 Albert Calvo, David Drennan and John Farrell were originally charged in a bill of indictment with the crime of murder under LSA-R.S. 14:30
 
 [1]
 
 in that “ * * * on the 28th day of September, 1958 * * * they murdered one Fernando Rios * *
 

 Pursuant to the defendants’ motion for a bill of particulars, the district attorney filed an answer particularizing that the defendants would be tried under Section 2 of the quoted statute, supra, and that the State would contend that all of the defendants killed the victim while engaged in the perpetration or attempted perpetration of simple robbery, tersely stated, a prosecution under the felony-murder doctrine.
 

 Following the trial on this bill of indictment all three defendants were acquitted,whereupon the Grand Jury of the Parish of Orleans returned a second indictment charging the three defendants with the offense of conspiracy to commit simple robbery
 
 [2]
 
 and with simple robbery
 
 [3]
 
 in two separate counts. To this charge the defendants filed a plea of autrefois acquit and former jeopardy as bars to their further prosecution. The district court sustained the plea and discharged the defendants, from which iudement the State has appealed.
 

 For pertinency to this case, LSA-R.S. 14:30, supra, may be read as follows:
 

 “Murder is the killing of a human being * * * when the offender is engaged in the perpetration or attempted perpetration of * * * simple robbery, even though he has no intent to kill.”
 

 The basis of these pleas is that the appellees cannot now be prosecuted for simple robbery and conspiracy to commit simple
 
 *82
 
 robbery for the reason that they have been previously acquitted of the crime of murder committed while engaged in the act of simple robbery; that simple robbery is a component and indissoluable part of the felony-murder offense itself and necessarily included therein; that the state introduced evidence at the murder trial of the perpetration or attempted perpetration of simple robbery. Hence, they contend that former jeopardy attaches and their acquittal bars a second trial on the lesser offense of simple robbery and that of criminal conspiracy.
 

 The pertinent part of .Section 9, Article 1 of the Constitution, LSA reads:
 

 “ * * *
 
 nor shall any person be twice put in jeopardy of life or liberty for the same offense,
 
 except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained.” (Italics ours.)
 

 See LSA-R.S. 15
 
 '.274,
 
 wherein is set out verbatim the aforestated constitutional provision.
 

 The Legislature guaranteed against any doubt or dispute as to what offense or offenses are former jeopardy offenses in relation to some other offense in enacting LSA-R.S. 15
 
 '279,
 
 the pertinent portion of vidiich reads:
 

 “To constitute former jeopardy it is necessary, that * * * the offense formerly charged and that presently charged are either identical, or different grades of the same offense, or that the one is necessarily included in the other.”
 

 The term “jeopardy” as used in our law designates the danger of conviction and punishment which a defendant in a criminal prosecution incurs when a valid indictment or information has been found or complaint presented, and a petit jury has been empaneled and sworn to try the case and give a verdict in a tribunal of competent jurisdiction.
 

 In the search of an inclusive and easily applied formula determinative of the issue of former jeopardy, our jurisprudence has established fixed tests or rules. In the leading case of State v. Foster, 156 La. 891, 101 So. 255, 258, three different tests were stated with approval. In that case the defendant was acquitted of the crime of attempted arson. During the trial of the case the State introduced evidence to the effect that the defendant had assaulted and beaten the owner of the dwelling house immediately preceding the attempted arson. After the acquittal of the defendant under the charge of attempted arson, the district attorney filed an information charging the defendant with an assault and battery. After a conviction on said latter charge, the sentence not being within our appellate jurisdiction, the defendant invoked our supervisory jurisdiction in order
 
 *84
 
 to have the errors of which he complained reviewed, one of which was the plea of autrefois acquit and former jeopardy to his prosecution for assault and battery, these latter pleas have been overruled below. It was urged before us that the defendant could not be prosecuted for the lesser charge for the reason that he had been previously acquitted of the crime of attempt to commit arson and had been placed in jeopardy on the former trial as to the assault and battery because the State had introduced evidence showing that the defendant had assaulted and beaten the owner of the dwelling house immediately preceding the attempted arson, and that the second trial was had upon the same evidence as adduced in the former trial. In dealing with the “same evidence” formula, we declared that:
 

 “ ‘The test whether the plea of autrefois acquit is a sufficient bar in any particular case is whether the evidence necessary to support the second indictment would have been sufficient to have procured a legal conviction on the first.’ State v. Williams, 45 La.Ann. 936, 12 South 932; State v. Keogh, 13 La.Ann. 243; State v. Vines, 34 La. Ann. 1079; State v. Helveston, 38 La. Ann. 314; State v. Faulkner, 39 La. Ann. 811, 2 South $39.”
 

 As to the “substantial identity test,” meaning that a defendant has been formerly tried and acquitted of the same offense, we said:
 

 “To render the plea of a former acquittal a bar, it must be a legal acquittal, by a judgment upon trial, for substantially the same offense * * * Blackstone, vol. 4, p. 355; Chitty, Crim. Plead, p. 376; State v. Brown, 8 Rob, 566; State v. Hornsby, 8 Rob. 583, 41 Am.Dec. 314; State v. Walters, 16 La.Ann. 400.”
 

 While formal, technical and absolute identity of the offenses is not necessary, yet substantial identity is an essential element in support of a plea of autrefois acquit. State v. Roberts, 152 La. 283, 93 So. 95, 24 A.L.R. 1122.
 

 In the Foster case, supra, we approved a further test, that is, whether the evidence required to legally secure a conviction on the charge preferred in the first indictment would be sufficient to convict on the charge preferred in the second, or if the offense charged in the first includes the one charged in the second, or if the one charged in the second includes the one charged in the first. State v. Yokum, 155 La. 846, 99 So. 621; State v. Terry, 128 La. 680, 55 So. 15; State v. Williams, 45 La.Ann. 936, 12 So. 932; State v. Vines, 34 La.Ann. 1079; State v. Anderson, 135 La. 326, 65 So. 478; State v. Heard, 107 La. 60, 31 So. 384; State v. Hill, 122 La. 711, 48 So. 160; State v. Barrett, 121 La. 1058, 46 So. 1016;
 
 *86
 
 State v. Xenos, 138 La. 113, 70 So. 55; State v. Malone, 28 La.Ann. 80.
 

 Accordingly, we held that the plea having failed to meet the aforestated test and formula, the pleas of autrefois acquit and former jeopardy were properly overruled.
 

 In Marr’s Criminal Jurisprudence, p. 580, it is said that:
 

 “ * * * identity of the offense is an essential element in support of a plea of autrefois. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that evidence necessary to support the second indictment would have been sufficient for the first.”
 

 In State v. Montcrieffe, 165 La. 296, 115 So. 493, 494, the defendant was indicted and prosecuted for larceny of property. After his conviction he urged on appeal his plea of double jeopardy in that he had been previously charged with and acquitted of the offense of burglary; that both indictments for burglary and larceny were for the same act, the major charge including the lesser, and that since he had been acquitted of the major charge a trial upon the second indictment would constitute double jeopardy. We therein recognized that burglary and larceny are distinct offenses even though the larceny of property was committed as a concurring act with the burglary. We further recognized that burglary and larceny being separate offenses, even though the jury had acquitted the defendant on the charge of burglary, it could not in that instance have convicted or acquitted him of the charge of larceny, the latter not being an ingredient of the crime of burglary, nor would a verdict of guilty of larceny have been a responsive verdict of the charge of burglary. We again recognized the true test to be whether on the former trial the accused could have been convicted of the crime charged against him on the second trial, reaffirming the pronouncements in State v. Terry, supra; State v. Yokum, supra; State v. Foster, supra. We further stated: “The fact that a person commits several separate and distinct crimes at the same time, or in immediate consecutive order, is no reason why he should not be indicted and tried for each of said crimes. This rule is so universally recognized and applied that any citation of authority would be superfluous.” See State v. Roberts, supra; State v. Fradella, 164 La. 752, 114 So. 641; State v. O’Banion, 171 La. 323, 131 So. 34.
 

 In the recent case of Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 427, 3 L.Ed.2d 516, the Supreme Court of the United States held that a conviction and life sentence for murder did not bar a subsequent conviction and capital sentence for kidnapping growing out of the same transaction, since murder and kidnapping under Oklahoma law are two separate
 
 *88
 
 crimes. In that case the facts disclose that after robbing a filling station attendant and eluding police in an ensuing chase, the defendant forced his way into an automobile being driven by one Cook, and at gunpoint forced Cook to drive throughout northeastern Oklahoma, and at a dead-end point in the road shot and killed him, then escaping in the car. Upon arraignment the defendant entered a plea of guilty to the charge of murder and was sentenced to life imprisonment. Thereafter the defendant was charged with kidnapping the deceased and on arraignment entered a plea of guilty as charged, receiving a death sentence. On appeal it was contended that he was punished twice for the same offense. In sustaining the sentence pronounced by the court below, the Supreme Court of the United States declared that under the laws of Oklahoma murder and kidnapping are not the same offense, being separately created and defined, thereby being separate and distinct offenses. The court further declared:
 

 “ * * * And in view of the obvious fact that, under the law of Oklahoma, kidnaping is a separate crime, entirely distinct from the crime of murder, the court’s consideration of the murder as a circumstance involved in the kidnaping crime cannot be said to have resulted in punishing petitioner a second time for the same offense, nor to have denied to him due process of law in violation of the Fourteenth Amendment.”
 

 The conditions under which a plea of former jeopardy is valid are set out in Corpus Juris Secundum:
 

 “The prohibition of the common law and of the constitutions is against a second jeopardy for the same ‘offense,’ that is, for the identical act and crime ; or, as expressed in a number of cases, to entitle accused to plead successfully former jeopardy, the offenses charged in the two prosecutions must be the same in law and in fact * * *. It is not necessarily decisive that the two offenses may have some material fact or element in common, or that they are similar, where they are not in fact the same, as the test is not whether accused has already been tried for the same
 
 act,
 
 but whether he has been put in jeopardy for the same
 
 offense.”
 
 (Italics ours.) 22 C.J.S. Criminal Law § 278.
 

 Archbold, Pleading Evidence and Practice in Criminal Cases, 145-46 (29 Ed. 1934), states the rule as follows:
 

 “The principle on which the right of autrefois acquit * * * depends is that a man shall not be put twice in jeopardy for the
 
 same matter.”
 
 (Italics ours.)
 

 Also, in the same text, the following appears :
 

 
 *90
 
 “Whether the facts are the same in both trials is not a true test: the test is rather whether the acquittal on the first charge necessarily involves an acquittal on the second charge.”
 

 In the case at bar the accused were originally tried for the crime of murder under the fiction of our felony-murder doctrine and were acquitted. In the present instance, the defendants are charged with and indicted for the offense of conspiracy to .commit simple robbery and with having committed simple robbery each in separate counts.
 

 The offense of criminal conspiracy and that of simple robbery are separate and distinct crimes from the offense of murder as defined, supra. The facts justifying the charge of criminal conspiracy and that of simple robbery are quite distinct from the facts warranting the charge of murder. Manifestly, they are not identical nor do the former two crimes constitute a grade of the offense of murder. Conspiracy and simple robbery are independent offenses from that of murder; and it cannot be justifiably asserted that the former constitute a graduated lesser crime to that of the greater crime of murder. Hence, it is .obvious that there is no substantial identity of the crimes to justify the support of the jplea of autrefois acquit.
 

 Nor can it be said that the crime of robbery or that of criminal conspiracy is necessarily included in the crime of murder. In the original bill of indictment the defendants were not specifically charged with conspiracy to commit simple robbery, nor were they charged with simple robbery. The only responsive verdicts to a charge of murder are: (1) guilty as charged; (2) guilty without capital punishment; (3) guilty of manslaughter; and (4) not guilty. These responsive verdicts are totally exclusive. The jury, on the indictment of murder, or an indictment on our felony-murder doctrine (LSA-R.S. 14:30, Section 2, supra), would have been legally powerless to have returned a verdict of guilty of simple robbery or that of criminal conspiracy; and if perchance such were to occur, such a verdict would not only be invalid but would have been declared a nullity by the court receiving it; nor can it be said that the indictment in the present instance places the defendants on trial for the offense charged in the original indictment.
 

 To justify a plea of former jeopardy the two offenses must be the same in both law and fact; and it cannot be urged that the defendants could have been convicted of the crime charged against them in the instant indictment on a trial for the offense of murder. There exists no analogy or affinity of ingredients and essentials in the offenses of murder and that of robbery or criminal conspiracy. It is not the act in the commission of two crimes which
 
 *92
 
 controls. The question to he resolved is whether the offenses are the same, or whether one is necessarily included in the other so as to make the plea of former jeopardy amenable to a defendant. Manifestly, on the trial of murder these defendants could not have been convicted of the crime of conspiracy and/or of simple robbery charged against them in the second bill of indictment; nor can it be contended that the evidence necessary to support the second indictment would have been legally sufficient to have obtained a conviction on the first indictment of murder.
 

 It may be argued that the “same evidence” test should be made applicable since it appears that evidence substantiating the commission of simple robbery and conspiracy was presented by the State to the jury in seeking a conviction in the trial of the murder charge. Conceding this to be true, such evidence was admissible as part of the res gestae, but that fact alone does not place the defendants in jeopardy for the offense charged in the second bill of indictment for the obvious reason that they could not have been convicted of the crime of robbery or criminal conspiracy. Furthermore, we have held on several occasions that two or more crimes may be committed at the same time or result from the same act or unlawful transaction and may be separately indicted and separately tried. See authorities heretofore cited.
 

 Because simple robbery and criminal conspiracy are not elements in the crime of murder nor essentially included therein, being separate, distinct and independent offenses under our law, and a verdict and conviction for the offense of criminal conspiracy and/or simple robbery were not legally obtainable in the trial for the offense of murder, we necessarily conclude that the pleas of autrefois acquit and former jeopardy cannot be invoked in bar of prosecution under the instant bill of indictment. See State v. Coleman, 236 La. 629, 108 So.2d 534.
 

 Accordingly, for the reasons assigned, the judgment of the lower court is reversed, annulled and set aside, and the pleas of autrefois acquit and former jeopardy are overruled; and the case is remanded to the district court for such proceedings as are consistent with the views herein expressed and the law applicable.
 

 FOURNET, C. J., absent.
 

 [1]
 

 . “Murder is the killing of a human being.
 

 “(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
 

 “(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated rape, armed robbery, or simple robbery, even though he has no intent to kill. .
 

 “Whoever commits the crime of murder shall be punished by death.”
 

 [2]
 

 . LSA-R.S. 14:26:
 

 “Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; * * *
 

 .
 
 “Where the intended basic crime has been consummated the conspirators may be tried for either the conspiracy or the completed' offense, and a conviction for one shall not bar a prosecution for the other.
 

 * * * * *
 

 “Whoever is a party to a criminal conspiracy to commit the crimes of theft * * * shall be fined not more than two hundred dollars, or . imprisoned for not more than one year, or both. *
 

 [3]
 

 .LSA-R.S. 14:65:
 

 “Simple robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
 

 “Whoever commits the' crime of simple 'robbery shall be imprisoned with or without hard labor, for not more than five years.”