HAMLIN, Justice:
We directed Writs of Certiorari, Mandamus, and Prohibition (Art. VII, Sec. 10, La.Const. of 1921) to the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson in order that we might review its judgment which denied defendant’s Plea of Former Jeopardy to the instant prosecution.
On April 2, 1965, James Comeaux was charged by Bill of Information as follows:
“ * * * on or about the TWENTIETH (20th) * * * day of MARCH in the year of our Lord One Thousand Niue Hundred and SIXTY-FIVE (1965) * * *
“did disturb the peace as defined in R.S. 14:103 in such a manner as would foreseeably disturb or alarm the public by engaging in a fistic encounter in the Club House of Jefferson Downs Race Track in Jefferson Parish.
“Count 2) And the District Attorney further gives the Court to be informed and to understand that the said James Comeaux did then and there commit a battery upon one Henry J, Montagnet,
Comeaux appeared before the trial court, pleaded guilty, and was ordered to pay a fine of $5.00 as to Count 1 and $5.00 and cost as to Count 2 (in default to suffer imprisonment in the Parish Prison for a term of ten days). It was further ordered'that *917 the fine be suspended and that defendant pay the cost only.
By Bill of Information filed April 23, 1965, defendant was charged with the crime of Attempted Murder (LSA-R.S. 14:27-14:30) as follows :
“ * * * on or about the 20 day of MARCH * * * in the year of our Lord One Thousand Nine Hundred and SIXTY-FIVE (1965) * * * committed the crime of attempted Murder on one Henry J. Montagnet by beating, kicking and stomping him with heavy boots with the intent to kill or inflict great bodily harm on said Henry J. Montagnet. * * * f>
Defendant filed a Plea of Autrefois Convict (Former Jeopardy) to the above Bill of Information, alleging that he had been tried and acquitted of the same offense for which he stood charged, and that to require him to stand trial on the charge of Attempted Murder would amount to placing him in double jeopardy for the same offense in violation of his constitutional rights under the State and Federal Constitutions.
The State filed a demurrer to the above plea. The demurrer was overruled. A discussion of this ruling is not necessary because of the trial court’s overruling of the Plea of Autrefois Convict (Former Jeopardy) .
In his judgment overruling the Plea of Autrefois Convict (Former Jeopardy), the trial judge found that the factual situation made the basis of the simple battery (LSA-R.S. 14:35) and disturbing the peace (LSA-R.S. 14:103) charge involved the same factual incident made the basis of the attempted murder charge. He stated, “It was admitted by the defendant and the prosecution that both charges grew out of the same set of facts, the same parties were involved, and the incident happened at the same time and place.”
Concluding that the conviction and sentence for simple battery did not stand as a bar to the State’s prosecution for the crime of attempted murder, the trial judge found that:
“The crimes of simple assault, simple battery, aggravated battery, and aggravated assault are offenses wherein no specific intent is required to be shown to justify a conviction. General criminal intent is sufficient. See (State v. Johnson [Johnston], 20 So.2d 741, 207 La. 161; In re Glassberg, 88 So.2d 707, 230 La. 396.)
“Plowever in the crimes of murder (LSA-RS 14:30) and attempted murder LSA-RS 14:30-27) a specific intent to kill or do great bodily harm are necessary ingredients of the respective crimes.
“This being so, it is obvious that the crimes of simple battery and attempted murder, are dissimilar. The fact that defendant might have pleaded to the former under a state of facts in which elements of both crimes may have been *919 present, does not change the situation. To bar a second prosecution and justify plea of former jeopardy, the offenses must be the same in both law and fact (State v. Roberts, 129 So. 144, 170 La. 727; State v. Calvo [240 La. 75], 121 So. 2d 244).”
Herein, the State contends that the trial judge was correct in his ruling, and that the case should be remanded to the trial court for trial on the merits. It admits that both Bills of Information were predicated on the same facts, but argues that the test of former jeopardy is not one based on fact alone.
Defendant urges that the judgment of the trial court should be set aside. He argues that under LSA-R.S. 15 :279, where a defendant is charged with a battery on a named individual and pleads guilty and is sentenced under said charge, a subsequent charge of attempted murder, based upon the same battery upon the same individual, constitutes double jeopardy under said Article because “the one is necessarily included in the other.”
LSA-R.S. 15 :279 provides:
“To constitute former jeopardy it is necessary, that the court in which the former trial took place had jurisdiction, and was legally constituted; that the former acquittal or conviction was rendered on a sufficient indictment; that the proceedings ending in the former acquittal or conviction were valid; that the former verdict rendered was responsive to some charge contained in the indictment and was of such form as to be the basis of a valid judgment; and that the offense formerly charged and that presently charged are either identical, or different grades of the same offense, or that the one is necessarily included in the other.” (Emphasis ours.) Cf. Art. I, Sec. 9, La.Const. of 1921.
The Pleas of Autrefois Convict and Autrefois Acquit are not foreign to criminal prosecutions. This Court has considered such pleas many times and has set forth certain tests to be applied as they pertained to the matters submitted for determination. State v. Schneller, 199 La. 811, 7 So.2d 66; State v. Coleman, 236 La. 629, 108 So.2d 534; State v. Roberts, 170 La. 727, 129 So. 144; State v. Calvo, 240 La. 75, 121 So.2d 244. Cf. 22 C.J.S. Criminal Law § 9(1), pp. 20-28; § 283, pp. 737-738; § 285, pp. 746-750; United States ex rel. Bryant v. Fay, 211 F.Supp. 812, Cert. denied, 375 U.S. 852, 84 S.Ct. 111, 11 L.Ed.2d 79.
In State v. Calvo, supra, we held that to justify a Plea of Former Jeopardy, the two offenses must be the same in both law and in fact. We find the Calvo test applicable herein; we must, therefore, determine whether the offense of simple battery and the crime of attempted murder are the same in law. (It is admitted that both charges grew out of the same'set of facts.)
*921 Simply battery is a battery, without the consent of the victim, committed without a dangerous weapon. (LSA-R.S. 14:35.) The justification of a conviction for simple battery, as correctly found by the trial judge, does not depend upon the showing of specific criminal intent. In Re Glassberg, 230 La. 396, 88 So.2d 707.
Murder is the killing of a human when the offender has a specific intent to kill or to inflict great bodily harm. (LSA-R.S. 14:30.) An attempt is committed when any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object. (LSA-R.S. 14:27.)
LSA-R.S. 14:10 sets forth that criminal intent may be specific or general. Specific criminal intent arid general criminal intent are not identical. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. (LSA-R.S. 14:10.) General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. (LSA-R.S. 14:10) It follows therefore that since specific criminal intent is an ingredient of attempted murder and only general criminal intent is needed for a conviction of simple battery, the offenses are dissimilar.
LSA-R.S. 15:386 provides that “Guilty as charged,” “Guilty of attempted manslaughter,” and “Not Guilty” are responsive verdicts to the charge of “Attempted Murder.” The statute further provides that “Guilty as charged” and “Not Guilty” are responsive verdicts to the charge of “Simple Battery.” These verdicts definitely reflect that those which are responsive to “Attempted Murder” are not responsive to the offense of “Simple Battery.” Under such a finding, it cannot be gainsaid that one offense does not include the other. Cf. State v. Yokum, 155 La. 846, 99 So. 621.
We conclude that the defendant was hot twice charged with having committed the same offense. The offense (Att'efnpted Murder) charged in the Bill of Information filed on April 23, 1965 is not the' same in law as those offenses (Disturbing the Peace and Simple Battery) charged in the Bill of Information filed on April 2, 1965. Defendant’s Plea of Former Jeopardy is, therefore, without merit.
For the reasons assigned, the writs herein issued are recalled and set aside. The judgment of the trial court is affirmed, and the matter is remanded to the trial ■ court for trial on the merits.