TATE, Justice.
The defendant sheriff was previously convicted of malfeasance in office, La.R.S. 14:134. We affirmed his conviction and his sentence, three months in the parish jail and a fine of $500. State v. Didier, 259 La. 967, 254 So.2d 262 (1971). The present is a subsequent prosecution for simple robbery, La.R.S.14:65, and theft, La.R.S.14:67. The trial judge sustained the motions to quash the present charges,, and the state appeals.
The trial judge held the present prosecutions are for conduct forming a part of the basis of the previous conviction and,that the latter therefore constitutes a former jeopardy as to the present prosecutions. La.C.Cr.P. Arts. 591, 596. These subsequent prosecutions were therefore held barred by the state and federal constitutions. The State argues that the “offense” for which previously convicted is different from the offenses with which the defendant is presently charged. Therefore, the State contends that double jeopardy does-'not apply.
Pertinently, the (bill of) information for the prior malfeasance conviction charged the defendant sheriff with knowledge of the robbery and theft by four named persons of Louis Golden of $19,800 on May 9, *367 1970, and with failing to attempt to halt the commission of the crime or to apprehend the persons involved or to report the crimes to the district attorney.[1] By the present robbery and theft informations, the defendant sheriff is himself charged with that robbery and theft of Golden’s $19,800.
Under the State’s evidence, Sheriff Didier participated in a scheme by which large sums of money were to be stolen or robbed from metal dealers. Metal dealers were to be persuaded to be interested in the illegal purchase of copper, which allegedly had been confiscated and was to be sold'by the sheriff for his personal gain. The copper was fictitious. Confidence men (the sheriff’s alleged confederates) were to interest the dealer in the transaction, to bring him to the deserted courthouse on a Saturday afternoon, and to take from the dealer the cash brought by him to pay for the copper.
The participation of the local sheriff in the game was essential to its success. lie helped the confidence men by assuring their access to the courthouse; he supplied them with a letterhead (upon which had been typed a “confiscation list” of the fictitious copper) and a badge (for one of them to pretend to be his chief deputy). Most important, the purpose of the sheriff in serving as local “fix” was to insure protection to the confidence men against being discovered or prosecuted for the crime.[2] *369 For his participation, the sheriff was to receive ten percent of the take.
In the present instance, Golden, a metal dealer, was persuaded to buy some 26 tons of (fictitious) copper for $20,000, about half-price. Golden was informed the sheriff wanted to sell some stolen copper and pocket the money himself, and he was shown a “confiscation list” of this copper on the present sheriff’s letterhead. A bogus chief deputy (one of the confidence men), who had been familiarized with the courthouse by the actual sheriff, met Golden at the courthouse with his large sum of cash, supposedly $20,000 (actually $19,800), took him upstairs to the third floor of the deserted courthouse, and then robbed him of the money he had.
Under the malfeasance bill of information, the sheriff’s illegal conduct was his knowing concealment of the crime, known to him in advance of its commission, and his failure to prevent it or to apprehend those who committed it or to report the commission of the crime to the district attorney. (Under the evidence, this same misconduct by the sheriff forms the essential basis for the charge against him of participating as a principal in the Golden robbery or theft.)
The guarantee against double jeopardy provided by the United States Constitution[3] is applicable to state prosecutions. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). “That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).
Recent further elaborations of double jeopardy, likewise binding upon the states, must also be noted. As a part of the constitutional guarantee, retrial is barred of those issues determined in the defendant’s favor at the first trial, under a theory of collateral estoppel.[4] Ashe v. Swenson, 397 *371 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). See also Harris v. Washington, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971); Simpson v. Florida, 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549 (1971). The same alleged crime cannot be twice punished by the same State by making identical conduct a criminal violation of the law of both the State and one of its subdivisions. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Not directly applicable here, although of peripheral interest, Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), held that a defendant who is convicted of a lesser offense included in the original charge, and who thereafter secures reversal, may be retried only for the lesser included offense, since he was acquitted of the greater.
We should here note that in its recent collateral estoppel decisions (Ashe v. Swenson, Harris v. Washington, and Simpson v. Florida, cited above) a majority of the United States Supreme Court did not accept the view of the minority of the justices that the “same transaction” concept should govern double jeopardy determinations. Under this concept, multiple prosecutions are barred if based on one criminal episode — conduct of a continuing nature violating several statutes in the course of conduct with a common motivating intent aimed at a single goal. Comment, 65 Yale-L.J. 339, 348 (1956). Louisiana law and jurisprudence has also repeatedly refused to apply this test of double jeopardy.[5]
Although the issue is not free from doubt, we conclude that the recent federal interpretations applying collateral estoppel' do not, by themselves, require us to hold that the conviction of malfeasance, La.R.S.. 14:134, (knowing of but not reporting the crimes) bars prosecution of the defendant on the further charges of theft, La.R.S. 14:67 (the taking of anything of value-without the consent of the other or by fraudulent conduct) or robbery, La.R.S-.. 14:65 (theft “by use of force or intimidation”) .
The matter concluded unfavorably to the defendant by the first verdict is only that he knew of the theft, but did not report it or take any further action. On the face of the respective (bills of) information (s), the first prosecution does not necessarily include the further element of the accused’s aiding and abetting, as a principal, the robbery or theft thus concealed.[6]
*373 Louisiana has no requirement that all related offenses growing out of the same incident be tried at the same time. Absent such, therefore, the principle of collateral estoppel does not apply by reason of the first verdict and thus prevent the state from further proving at the second trial that the defnedant sheriff not only knew of, but also participated as a principal in, the robbery and theft for which being subsequently tried. (If the accused had been acquitted at the first trial, Ashe v. Swenson might apply to bar further prosecution on the other offenses, since he could hardly be a principal in them if he did not know of them before they were committed.)
Nevertheless, although the collateral estoppel theory does not here apply to prevent the subsequent prosecution, we, like the trial judge, find that in the present instance the identical act or conduct cannot be twice prosecuted or punished through denominating it differently as separate crimes.
Under the present evidence, conceded to be the same for the malfeasance and for the felony (robbery-theft) prosecutions, the identical conduct of the sheriff — withholding information of the Golden crime, failing to prevent it, failing to arrest those who committed it or to report the crime to the district attorney — is essentially the basis for charging him as a principal in the Golden theft or robbery. His malfeasant acts were the principal method by which he committed as a principal the theft or robbery with which now charged.
The Louisiana Constitution, like the federal, contains a prohibition against double jeopardy. Article I, Section 9 provides: “ * * * No person shall be twice put in jeopardy of life or liberty for the same offense * * (Italics ours.)
In determining for double jeopardy purposes whether the subject matter of the first prosecution was the “same offense” as that for which the accused is subsequently prosecuted, our early decisions held that one could not be “punished twice for the same criminal act.” State v. Cheevers, 7 La.Ann. 40, 41 (1852). There, a subsequent prosecution for maiming was held to be barred as to an accused earlier convicted of an assault and battery for the same act. See also State v. Augustine, 29 La.Ann. 119 (1877) (one convicted of stealing a wagon could not be subsequently prose *375 cuted for stealing a horse harnessed to it); Marr’s Criminal Jurisprudence of Louisiana, Section 488 at p. 745 (1923); Comment, 21 La.L.Rev. 615, 619 (1961).
Later elaborations, however, were to the effect that, in the absence of an “analogy or affinity of ingredients and essentials in the offenses”, “two or more crimes may be committed at the same time or result from the same act or unlawful transaction and may be separately indicted and separately tried:” State v. Calvo, 240 La. 75, 121 So.2d 244, 250 (1960). This later jurisprudence applied the “same evidence” test to determine whether there was double jeopardy, which we will discuss below. See Comment, 32 La.L.Rev. 87 (1971) and Comment, 21 La.L.Rev. 615 (1961).
The 1928 Code of Criminal Procedure for the first time codified legislatively the test of double jeopardy. See La.R.S. 15:279. The 1966 Code of Criminal Procedure intended to broaden this test to some extent. See Official Revision Comment, Article 596. This code article now provides :
“Double jeopardy exists in a second trial only when the charge in that trial is:
“(1) Identical with or a different grade of the same offensé for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial ; or
“(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.”
However, in determining whether the present is the “same offense” or a different grade of it, Louisiana has in recent decades applied the “same evidence” test. Official Revision Comment, Article 596; Comment, 32 La.L.Rev. 87 (1972) and Comment, 21 La.L.Rev. 615 (1971). As quoted with approval in the Official Revision Comment to Article 596, Louisiana has followed a form of the “same evidence” rule, which is stated in state v. Roberts, 152 La. 283, 93 So. 95, 96 (1922), as follows:
“(I)dentity of the offense is an essential element in support of a plea of autre fois. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that the evidence necessary to support the second indictment would have been sufficient'for the first.”
Under this test, it seems to us, the present prosecution for robbery-theft is barred by the earlier malfeasance prosecution and conviction. The defendant sheriff is charged with participating as a principal in the robbery-theft, and by the evidence (stipulated to be the same for both trials) his participation was the misuse of *377 his office by cooperating in the robbery-theft, i. e., by concealing its preparation and commission and by failing to report it to prosecuting authorities. This was the identical conduct forming the basis for his malfeasance prosecution and conviction.
Had the defendant been acquitted in the malfeasance prosecution, he was necessarily innocent of the robbery-theft participation. And, as we stated in State v. Calvo, 240 La. 75, 121 So.2d 244, 249: “Whether the facts are the same in both trials is not a true test: the test is rather whether the acquittal on the first charge necessarily involves an acquittal on the second charge.” This is at least illustrative that an integral part and necessary element of the robbery and theft charges for which the defendant is now prosecuted is the identical conduct which constituted the malfeasance for which he was previously prosecuted and convicted.
In State v. Calvo, 240 La. 75, 121 So.2d 244, 250 (1960), rejecting double jeopardy (where the defendants were subsequently charged with simple robbery after being acquitted of a felony murder), the court stated: “The question to be resolved is whether the offenses are the same, or whether one is necessarily included in the other so as to make the plea of [double] jeopardy amenable to a defendant.”
In that case, assuming it was correctly decided under the present law, the elements of the offense for which first acquitted were held to be different. Here, however, the defendant’s malfeasance consisted of his aiding and abetting the robbery-theft by failing to prevent it, to apprehend the participants, or to report the crime. This is the identical conduct which forms the evidence of the essential element to convict the defendant of the present robbery-theft through his so aiding and abetting it. Where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of the former jeopardy. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (decided May 18, 1972); State v. Schneller, 199 La. 811, 7 So.2d 66 (1942); State v. Roberts, 152 La. 283, 93 So. 95 (1922).
In State v. Calvo we also noted that, “To justify a plea of [double] jeopardy the two offenses must be the same in both law and fact.” 121 So.2d 250. A similar test is set forth by us in State v. Comeaux, 249 La. 914, 192 So.2d 122, wherein we likewise rejected a plea of double jeopardy as to a subsequent prosecution arising out of the same factual incident. In these decisions, we were likewise concerned with whether one offense was necessarily included within the other and whether, as a matter of law, the elements of both crimes were the same.
In both of these decisions, however, the issue of double jeopardy was raised to the second prosecution before tidal based solely *379 on the face of the information upon which the second prosecution was based. Since there had been no trial and the evidence for the second trial was not before the court, we could not then apply our traditional “same evidence” test, see above, namely whether the evidence necessary to support the second indictment would have been sufficient for the first.
The Louisiana “same evidence” test, in the form adopted by several other jurisdictions also, is based upon whether the actual evidence introduced at the second trial would have supported conviction on the first. See Comment, 32 La.L.Rev. 87, 89-90. In the present case, unlike Calvo and Comeaux, we have before us the entire evidence for both trials, stipulated to be the same.
Under the present record and circumstances, the evidence sufficient to convict on the first charge is sufficient to convict on the second charges. In fact, it is conceded the same evidence will be introduced on the second trial as was introduced on the first trial. The identical conduct is charged as criminal in both the first and second prosecutions. Under all of the circumstances, the trial court correctly held that former jeopardy bars the present prosecutions.
Affirmed.
McCALEB, C. J., dissents with written reasons.
SANDERS and BARHAM, JJ„ dissent.

. The malfeasance information also charged the' defendant sheriff with participating in attempted thefts of $20,000 on June 19, June 26, and July 3, 1970, as well as with knowing of but failing to stop them or apprehending the two persons involved or reporting these latter crimes to the district attorney. (The information is set in. full in our earlier opinion affirming the malfeasance conviction. 254 So.2d 264-265.) Arguably, this might be pertinent if the “same transaction” test governed double jeopardy determinations. However, this test does not apply in Louisiana, for the reasons set forth in the body of the opinion.

. In the words of one of the confidence men, Tr. 1261-62: “ * * * not only does -he -have to supply the certain paraphernalia that is used, such as the lctterhead and the badge, but ho must be on hand to .... so that his deputies won’t _interfere at this time, if they see -the man walking around on the courthouse lawn and if they happened to see the badge or his get up, they don’t ask him any questions, especially in front of the subject. And the time schedule, each time that a meeting takes place, the sheriff must be in his office to handle any problems that may arise and also, of course, he has to know the exact time that one of these meetings takes place so that he will bo on hand ; that’s the first man that the sucker complains to. You don’t want the sucker running into the sheriff’s office complaining to some deputy that doesn’t know what to do about it, and they’ll call the State Police, the P.B.I. and ‘King Kong.’ ”
In the words ' of another confidence man, Tr. 100-101.“A fix is the Sheriff in a parish or in a county, whichever one it may bo, that gives you the protection and gives you the use of his courthouse or his office or whatever the type of con-game you’re trying to pull..... it gives you mostly just the protection ; in case you get caught, the fix is suppose to *369 take care of coming to get you and turn you loose and generally, just seeing that you don’t spend any time in jail . [Y]ou can’t get by without the fix, and I wouldn’t operate unless I know it’s under a fix. You have to have a fix to take off these big cons .... to work . . . . they won’t work otherwise; the chances of getting caught are too great. But, under the fix, if the fix lives up to his end of the deal, the chances are 'minimal of ever getting caught.”

. “ * * * [NJor shall any person bo subject for the same offence to be twice put in jeopardy of life or limb. * * * ”

. gee: Lugar, Criminal Law, Double Jeopardy and Res Judicata, 39 Iowa L. Rev. 317 (1954); Kirchheimer, The Act, The Offense and Double Jeopardy, 58 Yale L.J. 512 (1949); Comment, 75 Yale L.J. 262 (1965); Comment, 65 Yale L.J. 340 (1956). Even prior to Ashe v. Swenson, Louisiana had adopted a theory of res judicata preventing criminal re-prose *371 eution similar in effect to the Ashe holding. State v. Latil, 231 La. 551, 92 So.2d 63 (1956), noted 18 La.L.Rev. 137-38 (1957).

. See Official Revision Comment (a), Article 596, La.C.Cr.P. Art. 596. See also Comment, 32 La.L.Rev. 87 (1971) and Comment, 21 La.L.Rev. 615 (1961).

. The evidence introduced at the malfeasance trial does show, additionally, that the local sheriff was a principal in the Golden robbery or theft. This evidence *373 was introduced to show method or modus operandi (knowledge, intent, and system, La.R.S. 15:445, 446), in connection with the additional charges of malfeasance involved in participating in unsuccessful attempts on three later occasions to bilk other metal dealers. See Footnote 1. Insofar as evidence of' a crime at one prosecution is introduced for this limited purpose (to prove guilt of other offenses), our jurisprudence holds that double jeopardy does not attach when the accused is subsequently prosecuted for such crime. State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971).