McCALEB, Chief Justice
(dissenting).
The decision herein is in direct conflict with our holding in State v. Calvo, 240 La. 75, 121 So.2d 244 (1960); and State v. Comeaux, 249 La. 914, 192 So.2d 122 (1966). These cases specifically rejected the “same evidence” rule as the guideline for determining whether an accused was placed in former jeopardy for the offense named in the second charge. In Calvo we quoted approvingly from Archbold, Pleading Evidence and Practice in Criminal Cases, 145-46 (29 Ed.1934) as follows:
“Whether the facts are the same in both trials is not a time test: the test is rather whether the acquittal on the first charge necessarily involves an acquittal on the second charge.” (Emphasis added)
Further, we reaffirmed in Calvo the holding of this Court in State v. Montcrieffe, 165 La. 296, 115 So. 493 (1928), and said that:
“We again recognized the true test to be whether on the former trial the accused could have been convicted of the crime charged against him on the second trial, reaffirming the pronouncements in State v. Terry [128 La. 680, 55 So. 15] supra; State v. Yokum [155 La. 846, 99 So. 621], supra; State v. Foster [156 La. 891, 101 So. 255], supra. We fur *381 ther stated: ‘The fact that a person commits several separate and distinct crimes at the same time, or in immediate consecutive order, is no reason why he should not be indicted and tried for each of said crimes. This rule is so universally recognized and applied that any citation of authority would be superfluous.’ See State v. Roberts [152 La. 283, 93 So. 95], supra; State v. Fradella, 164 La. 752, 114 So. 641; State v. O’Banion, 171 La. 323, 131 So. 34.
Ms * * * * *
“It is not the act in the commission of two crimes which controls. The question to be resolved is whether the offenses are the same, or zvhether one is necessarily included in the other so as to make the plea of former jeopardy amenable to a defendant.” (Emphasis added)
The conclusion in Calvo was based on the provisions of the pertinent part of Section 9, Article I of our Constitution quoted in the opinion which points out that the then existing legislative recognition of the doctrine of former jeopardy (R.S. 15:274) was a verbatim statement of the constitutional provisions. Although not a verbatim statement of the constitutional article, the present provision quoted in the majority opinion, C.Cr.P. Art. 596, is entirely in keeping with its pronouncements and with the holdings of Calvo and Comeaux. See also State v. Poland, 255 La. 746, 232 So.2d 499 (1970); and State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971).
In State v. Comeaux, supra, we said, “We find the Calvo test applicable herein; we must, therefore, determine whether the offense of simple battery and the crime of attempted murder are the same in law. (It is admitted that both charges grew out of the same set of facts.)” [1]
In the instant case it is manifest that the charges of robbery (proscribed in Chapter 2 of Title III of our Criminal Code dealing with the misappropriation of property with violence to the person) and the crime of theft (Article 67 in Chapter 3 of Title III, which deals with misappropriation without violence), are completely dissimilar to the offense of malfeasance in office (which is contained in Chapter 5 of Title VII of the Criminal Code under the heading of Official Misconduct and Corrupt Practices). The former are classified as offenses against property and persons, whereas the latter crime (malfeasance in office) is placed in Title VII of the Code as one of *383 the offenses affecting organized government ; the elements of this crime are wholly different and a conviction of the latter offense should not bar a prosecution of the former. To simplify this case (the principle of which has been unduly involved in its treatment by the majority), the charge here would have been no different if the sheriff had robbed someone on the public street and also intentionally refused or failed to report the incident to the district attorney. In such an instance, it is difficult to perceive how a conviction for malfeasance in office would bar the prosecution of the offense of robbery merely because the offender happened to be a law enforcement officer and had been convicted of malfeasance.
I respectfully dissent.

. Likewise, in Calvo the prosecutions were based on the same facts: In the first case, which resulted in an acquittal, the accused was charged with murder under the “murder-felony” doctrine, the killing having arisen in the commission of a robbery perpetrated by several accuseds. Tlie second charges were robbery and conspiracy to commit robbery based on the same alleged acts of the robbery which were the basis of the murder-felony charge.